**Andre Roger GILBERT**

v.

**STATE of Maine.**

Supreme Judicial Court of Maine.

Argued Sept. 21, 1988.
Decided Oct. 28, 1988.

738

Kurt E. Olafsen (orally), Verrill & Dana, Portland, for petitioner.

James E. Tierney, Atty. Gen., Joseph A. Wannemacher (orally), Asst. Atty. Gen., Augusta, for State.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

COLLINS, Justice.

Petitioner, Andre Roger Gilbert, brings an appeal from a judgment issued in the Superior Court, Cumberland County, (Bradford, J.) determining that the parole board had no authority to release him from prison on parole. Further, the petitioner suggests that the parole board's failure to give his case effective review is an abuse of discretion by the board. Because this case is governed by 34–A M.R.S.A. § 5807, which removes the board's discretion in cases precisely like the one presented here, we find no abuse of discretion and, therefore, affirm the judgment of the Superior Court.

In 1951 the petitioner was convicted and sentenced to life for murder. In 1969, after a series of legislative enactments extended the parole board's authority to act on the requests of life prisoners, the petitioner was paroled. While on parole in 1975, the petitioner was convicted of aggravated assault, sentenced to 2½ to 5 years, and returned to the Maine State Prison, his parole revoked. The petitioner has made a number of efforts to secure his release from prison since his return in 1975.[1] Most recently, his request for post-conviction review was before this Court in *Gilbert v. State*, 505 A.2d 1326 (Me.1986) [*Gilbert I*] in which we held that, although not eligible for discharge, life inmates sentenced before 1959 may be paroled even though sentencing occurred before revisions in the law expanded the parole board's authority.

When the petitioner was convicted in 1951, the parole board, established in 1913, had no authority to parole him.[2] Subsequent revisions in the law, however, extended the possibility of parole to prisoners serving life sentences and, eventually to those who had served 15 years of their life sentences.[3] It was as a result of these changes that Gilbert became eligible for parole from his life sentence in 1969.

█ When the petitioner was convicted of aggravated assault in 1976, a provision in the statute required that any additional sentence of more than one year must be served after the completion of the underlying sentence.[4] 34 M.R.S.A. § 1676 (now 34–A M.R.S.A. § 5807). No statute explic-

---

1. A *habeas corpus* petition filed in the United States District Court was denied in 1976. Petitions for *habeas corpus* and reduction of sentence were denied by the Superior Court, Kennebec County, in 1979.

2. R.S. ch. 136, § 12 (1944), the statute in effect at the time of sentencing, specifically removes the parole board's authority in cases of "any person convicted of an offense the only punishment for which prescribed by the law is imprisonment for life ..." *Id.*

3. These changes are noted in *Gilbert v. State*, 505 A.2d 1326, 1327 (Me.1986). In 1953, lifers could achieve parole eligibility after 30 years.

P.L.1953, ch. 382. In 1959, that 30 year minimum could be further reduced by good behavior, and, after 10 years on parole the board could discharge the sentence. P.L.1959, ch. 312 § 13. The 30 year minimum was reduced to 15 years in 1969. P.L.1969, ch. 280.

4. 34 M.R.S.A. § 1676 (now 34–A § 5807) reads:
   Any parolee who commits an offense while on parole where the offense is punishable by imprisonment for one year or more and who is sentenced to the Department of Corrections shall serve the 2nd sentence beginning on the date of termination of the first sentence unless the first sentence is otherwise terminated by the board.

itly prohibits the parole board from paroling a prisoner on his original sentence, leaving him to serve a second, perhaps shorter sentence before the parole ends. However, a decision of this nature would undercut the purpose of section 1676, which was to increase, rather than minimize, the penal effect of a consecutive sentence. Our conclusion that the parole board may not offer parole on the first sentence is further supported by the wording of § 1676. The statute permits, as its sole exception to the consecutive sentence rule, the board to act only in cases where it has "otherwise terminated the first sentence." *Id.*

 Termination is defined as discharge. *Hartley v. State*, 249 A.2d 38, 40 (Me.1969). In *Gilbert I*, we distinguished between parole, as an alternative means of serving a sentence, and discharge, which is termination. We expressly stated that the petitioner, as a prisoner sentenced before 1959, was ineligible for discharge by the parole board because any discharge would "act as a commutation of Gilbert's sentence and thereby usurp a power that the Maine Constitution vests exclusively in the Governor."[5] *Gilbert I*, 505 A.2d at 1329. The parole board cannot terminate (discharge) Gilbert's original life sentence. Without termination of the first sentence, the petitioner cannot begin to serve the second sentence. Thus, the petitioner is not eligible for parole on the second sentence. The statute limits the parole board's authority to grant relief in this case. No abuse of discretion occurred because no discretion existed.

The entry is:

JUDGMENT AFFIRMED.

All concurring.

---

5. If Gilbert were a post–1959 life prisoner, he would become eligible for discharge upon completion of 10 years of release on parole. 34–A M.R.S.A. § 5809. Prisoners who are not sentenced to life imprisonment are also eligible for discharge when no longer in need of supervision. *Id.*