The ORONOKA RESTAURANT, INC.

v.

MAINE STATE LIQUOR
COMMISSION, et al.

Supreme Judicial Court of Maine.

Argued Sept. 18, 1987.
Decided Oct. 30, 1987.

Barbara A. Brown (orally), Winterport, for plaintiff.

James E. Tierney, Atty. Gen., Kenneth W. Lehman (orally), Asst. Atty. Gen., Augusta, for defendants.

Thomas A. Russell (orally), Mitchell & Stearns, Bangor, for Town of Orono.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

SCOLNIK, Justice.

The Oronoka Restaurant, Inc., (Oronoka) appeals the judgment of the Superior Court (Penobscot County) affirming a decision of the Maine State Liquor Commission (the Commission) that affirmed the Town of Orono's denial of Oronoka's application for the renewal of its Class I liquor license. We affirm the judgment.

On January 8, 1986, Oronoka applied for the renewal of its Class I liquor license to permit the restaurant to serve spirituous, vinous and malt beverages on a full time basis.[1] On February 10, 1986, the municipal officers of the Town of Orono (Town), conducted a public hearing on the application pursuant to 28 M.R.S.A. § 252-A (Pamph.1986) and voted unanimously to deny the application for renewal. The Town based its decision on sewage discharge violations, numerous fire code violations, and the failure of the applicant to allow the Town's code enforcement officer access to the premises to inspect for code or ordinance violations. Oronoka filed a timely appeal with the Commission, which held a *de novo* hearing on April 29, 1986. In a written decision dated June 18, 1986, the Commission affirmed the Town's denial of Oronoka's application. The Commission ruled that the fire code violations constituted health and safety hazards and thus were valid grounds under 28 M.R.S.A. § 252-A(2) to deny the application for renewal. The Commission chose not to predicate its decision on other alleged code or ordinance violations, including the sewage disposal matter that was pending before the Superior Court. Oronoka then filed a complaint in Superior Court for review of the Commission's action pursuant to M.R.Civ.P. Rule 80C. The Superior Court affirmed the Commission's decision and this appeal followed.

Our standard of review is the same as that employed by the Superior Court: "whether the [agency] abused its discretion, committed an error of law, or made findings not supported by substantial evidence in the record." *Driscoll v. Gheewalla,* 441 A.2d 1023, 1026 (Me.1982).

Under 28 M.R.S.A. § 252-A(3) the Commission is required to hold a public hearing when any aggrieved applicant appeals the municipality's decision of denial. On appeal, the Commission may consider all of the grounds set forth in section 252-A(2) upon which a municipality may deny a liquor license:

A. Conviction of the applicant of any Class A, Class B or Class C crime;

B. Noncompliance of the licensed premises *or its use* with any local zoning ordinance or other land use ordinance not directly related to liquor control;

C. Conditions of record such as waste disposal violations, health or safety violations or repeated parking or traffic violations on or in the vicinity of the licensed premises and caused by persons patronizing or employed by the licensed premises or other such conditions caused by persons patronizing or employed by the licensed premises which unreasonably disturb, interfere with or affect the ability of persons or businesses residing or located in the vicinity of the licensed prem-

---

1. The Town of Orono denied the Oronoka's liquor license in 1985 but despite holding two hearings on the matter, the Maine State Liquor Commission never issued a decision on the 1985 license and permitted the Oronoka to serve liquor throughout 1985. The Town of Orono and all concerned with this case have treated the 1986 application as one for renewal.

ises to use their property in a reasonable manner;

**D.** Repeated incidents of record of breaches of the peace, disorderly conduct, vandalism or other violations of law on or in the vicinity of the licensed premises and caused by persons patronizing or employed by the licensed premises; and

**E.** A violation of any provision of this Title.

28 M.R.S.A. § 252–A(2) (Pamph.1986).

The standard to be applied by the Commission in its review of an application denial is set forth by statute: "the commission may grant the application or request only if it finds by clear and convincing evidence that the decision was without justifiable cause." 28 M.R.S.A. 252–A(3)(B). The scope of the Commission's review has been further defined in *Ullis v. Inhabitants of the Town of Boothbay Harbor*, 459 A.2d 153 (Me.1983) which requires that the Commission not merely review the legal sufficiency of the Town's reasons, but that the Commission conduct a *de novo* hearing on the liquor license application. *Id.* at 156–57. Although the Commission may take new evidence at the hearing on any issue relevant to the denial of the license application, its review is limited to the facts as they existed at the time of the hearing before the Town. *Ullis* further requires that the Commission "uphold the municipal officers' denial of a license application whenever that denial in fact was proper under Title 28–even if the reasons stated by the officers in their decision would not support the denial." *Id.* at 157. Thus, the Commission may sustain the denial on a different ground than that relied upon by the Town. *Id.* at 157 n. 5.

■■■ Oronoka claims that both the Town and the Commission committed numerous errors in their decisions of denial. Since we need only review the basis upon which the Commission based its decision, we do not consider the grounds underlying the Town's denial that were not relied upon by the Commission.[2] The Commission based its decision to affirm the Town's denial of Oronoka's liquor license renewal on evidence of fire code violations that "constitute a serious threat to the life of building tenants and patrons." The Commission heard extensive and very specific testimony concerning these violations from the Town's fire chief and its code enforcement officer. Of particular concern was an unlicensed, unapproved and illegally installed solid fuel unit or "wood burning boiler." Witnesses testified that the unit lacked appropriate safety systems and could possibly explode. Despite repeated warnings by Town officials that the boiler failed to meet applicable safety standards, Oronoka's owner, as of the time of the Town hearing, had not brought the unit into compliance and had not obtained the necessary approval for its use.

The hazardous solid fuel unit and Oronoka's other fire code violations fall within the grounds specified by 28 M.R.S.A. § 252–A(2) upon which a town may deny a liquor license renewal. The Commission was warranted in upholding the Town's license denial since no evidence was presented to establish that the Town's decision was "without justifiable cause." *See* 28 M.R.S.A. § 252–A(3)(B). We agree with the Superior Court that the record fails to demonstrate that the Commission abused its discretion or committed any error. Accordingly, we affirm the judgment.

The entry is:

Judgment affirmed.

All concurring.

---

2. We also do not reach the plaintiff's contentions that portions of 28 M.R.S.A. § 252–A are unconstitutional and that the Town denied Oronoka's owner due process of law. Since these arguments were raised for the first time on appeal to the Superior Court and were not specifically raised before the Commission, they are deemed unpreserved for appellate review. *See Bayside Enterprises v. Maine Agr. Bargaining*

*Board,* 513 A.2d 1355, 1360–61 (Me.1986); *Hale v. Petit,* 438 A.2d 226, 232–33 (Me.1981). "An issue raised for the first time at the appellate stage will be denied cognizance in the appellate review of the case. This rule is controlling even when, as here, the belatedly raised issues allege constitutional violations." *Maine Real Estate Commission v. Kelby,* 360 A.2d 528, 530 (Me. 1976) (citations omitted).