2000 ME 208

Joyce STILSON

v.

**DEXTER SHOE COMPANY**

and

**Sedgwick James Insurance Company.**

Supreme Judicial Court of Maine.

Argued: Oct. 3, 2000.

Decided: Dec. 5, 2000.

Kevin M. Noonan, Esq., (orally), McTeague Higbee Case Cohen Whitney & Toker, P.A., Topsham, for employee.

Anne–Marie Storey Hamer, Esq. (orally), Rudman & Winchell, LLC, Bangor, for employer.

Panel: WATHEN, C.J., and CLIFFORD, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

PER CURIAM.

■ The employer, Dexter Shoe Co., appeals from a decision of a hearing officer of the Workers' Compensation Board granting the employee's petition for restoration and awarding 100% partial incapacity benefits based on the combination of a partially incapacitating injury and the unavailability of work within her restrictions. We agree with Dexter that the hearing officer erred in applying 39–A M.R.S.A. §§ 212, 213, 214 (Pamph.2000) to determine Stilson's entitlement to benefits for a 1988 date of injury. P.L.1991, ch. 885, § A–10; see Tripp v. Philips Elmet Corp., 676 A.2d 927, 928, n. 1 (Me.1996). The applicable provision for Stilson's date of injury is former 39 M.R.S.A. § 55–B (1989), repealed by P.L.1991, ch. 885, § A–7. Although work was available within the employee's community, see 39–A M.R.S.A. § 102(6) (Pamph.2000), the hearing officer concluded that her lack of a driver's license made those jobs unavailable. Because the Court is evenly divided, we affirm the hearing officer's award of 100% partial incapacity benefits.

The entry is:

Judgment vacated only with respect to the application of 39–A M.R.S.A. § 213, 214 (Pamph.2000). Remanded to the Board for an award of 100% partial incapacity benefits pursuant to 39 M.R.S.A. § 55–B (1989), repealed and replaced by P.L.1991, ch. 885, §§ A–7, A–8. In all other respects, the judgment is affirmed.