STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-07-40
JMS - KEN - 1/~ /~ ~~ ~

POND VIEW, INC.,

       Petitioner

   v.

**DECISION AND ORDER**

MAINE BOARD OF ENVIRONMENTAL
PROTECTION,

       Respondent

Before the court is petitioner's M.R. Civ. P. 80C petition for judicial review of the Board of Environmental Protection (BEP)'s decision affirming the decision of the Department of Environmental Protection (DEP). The DEP decision denied petitioner's request to extend the time of temporarily out-of-service status for an underground oil storage facility and required petitioner to abandon the facility by removing the underground tanks and piping. (R. Ex. 53.) For the following reasons, the decision of the BEP is affirmed.

## FACTS

Petitioner has owned an underground storage tank facility since 1998, consisting of two gasoline tanks and one diesel tank, which was utilized as a gas station adjunct to a market. (R. Ex. 1.) On 9/30/04, by "Notification of Temporarily Out-of-Service Tank," petitioner notified the DEP that the facility would be temporarily out-of-service for a period not to exceed twelve months and that all product had been removed from the tank with no more than one inch of residual left. (R. Ex. 33.) On 11/8/04, the DEP received an annual inspection report dated 10/25/04 that indicated that tanks 1, 2, and 3 were not in use and contained 5 inches, 6 inches, and 9 inches of product, respectively.

(R. Ex. 21.) On 12/20/04, the DEP received an update of the initial failing 10/25/04 inspection report. That report, dated 12/16/04, indicated that product had been pumped out by Clean Harbors. (R. Ex. 22.) However, a subsequent inspection dated 10/5/05 showed that while tanks 1 and 2 contained less than one inch of product, tank 3 still contained 9.5 inches of diesel. (R. Ex. 23.) The 10/5/05 inspection report also indicated that the fill pipes were not locked, product piping was not capped, and dispensers were not secured.[1] (R. Ex. 23.)

The DEP issued a "Notice of Violation" (NOV) to petitioner on 7/31/06 for failing to abandon an underground oil storage facility that had been out-of-service in excess of twelve months. (R. Ex. 28.) Citing 38 M.R.S. § 566-A(1)[2] and 06-096 CMR Ch. 691 § 11(C)[3], the NOV required petitioner to abandon the underground tanks by removing them.[4] (R. Ex. 28.) On 8/9/06, after receiving the NOV, petitioner asked for an extension of time for out-of-service status. (R. Ex. 29.) The DEP denied petitioner's initial request by letter dated 10/17/06, and denied petitioner's request for reconsideration on 12/19/09. (R. Exs. 32, 37.) Petitioner appealed to the BEP, which affirmed the DEP's decision, by order dated 5/24/07. (R. Ex. 53.)

## STANDARD OF REVIEW

When the decision of an administrative agency is appealed pursuant to M.R. Civ. P. 80C, this court reviews the agency's decision directly for abuse of discretion, errors of law, or findings not supported by the evidence. Centamore v. Dep't of Human Servs.,

---

[1] The Clean Harbors invoice, which the BEP accepted from petitioner as a supplemental exhibit, shows the job description as "pump 2 gas tanks." (R. Ex. 41 (Attach. Supplement 3).)

[2] Section 566-A(1) states, in relevant part, "[a]ll underground oil storage facilities and tanks that have been, or are intended to be, taken out of service for a period of more than 12 months shall be properly abandoned by the owner or operator of the facility . . . . All abandoned facilities and tanks shall be removed, except where removal is not physically possible or practicable . . . ."

[3] Section 11(C)(1) states, "[t]anks, piping or facilities that have been out-of-service for 12 months must be removed within 60 days unless a written request has been made and has not been acted upon or unless written permission has been granted by the commissioner under section 11(B)."

[4] The NOV did not mention the 9.5 inches of product in the diesel tank.

664 A.2d 369, 370 (Me. 1995). "An administrative decision will be sustained if, on the basis of the entire record before it, the agency could have fairly and reasonably found the facts as it did." Seider v. Bd. of Exam'rs of Psychologists, 2000 ME 206, ¶ 9, 762 A.2d 551, 555 (citing CWCO, Inc. v. Superintendent of Ins., 1997 ME 226, ¶ 6, 703 A.2d 1258, 1261). The court will "not attempt to second-guess the agency on matters falling within its realm of expertise" and judicial review is limited to "determining whether the agency's conclusions are unreasonable, unjust or unlawful in light of the record." Imagineering, Inc. v. Superintendent of Ins., 593 A.2d 1050, 1053 (Me. 1991). "Inconsistent evidence will not render an agency decision unsupported." Seider, 2000 ME 206, ¶ 9, 762 A.2d at 555. The burden of proof rests with the party seeking to overturn the agency's decision, and that party must prove that no competent evidence supports the Board's decision. See Bischoff v. Bd. of Trs., 661 A.2d 167, 170 (Me. 1995).

When reviewing an agency's interpretation of a statute that is both administered by the agency and within the agency's expertise, the first inquiry is whether the statute is ambiguous or unambiguous. Competitive Energy Servs., LLC v. Pub. Utils. Comm'n, 2003 ME 12, ¶ 15, 818 A.2d 1039, 1046. If the statute is unambiguous, it is interpreted according to its plain language. Arsenault v. Sec'y of State, 2006 ME 111, ¶ 11, 905 A.2d 285, 288. If, instead, the statute is ambiguous, deference is given to the agency's interpretation if the interpretation is reasonable. Id.

## DISCUSSION

On appeal, petitioner makes essentially six arguments, all of which are unmeritorious. Each will be addressed, in turn, below.

I. **Whether the BEP's order requiring complete removal of petitioner's underground tanks, on the ground that petitioner's request for an extension of a temporarily out-of-service period was untimely, was an abuse of discretion or a violation of petitioner's substantive due process right**

Petitioner argues that the rules for requesting an extension did not expressly specify when the request for an extension must be filed. (Pet'r Br. at 15.) The relevant rule provision, amended March 14, 2004 (and corrected April 28, 2004), in effect at the time of petitioner's request to the DEP, stated, "[a] tank owner may apply in writing for approval of the commissioner to allow a facility to remain temporarily out-of-service for more than 12 consecutive months . . . ." 06-096 CMR ch. 691 § 11(B)(2). The DEP and BEP interpreted this rule to require petitioner to submit a request for extension before the 12-month period ended. Petitioner asserts that this rule is ambiguous, and as a result, petitioner's 8/9/06 request for an extension, although made two years after the facility was placed out-of service, technically complied with the rules. (See Pet'r Br. at 15.)

The interpretation of regulations and policies by an agency that promulgated them is entitled to considerable deference on judicial review. See Trull Nursing Home v. Dep't of Human Servs., 461 A.2d 490, 496 (Me. 1983); Centr. Maine Power v. Pub. Util. Comm'n, 455 A.2d 34, 44 (Me. 1983). Reading section 11(B)(2) in context with the other provisions in section 11, the scheme is clearly premised upon the requirement that a facility cannot remain out-of-service for more than 12 months unless the DEP commissioner provides an extension. See, e.g., 06-096 CMR ch. 691 § 11; 38 M.R.S. § 566-A. Allowing a facility owner to wait until the facility is in violation (i.e., out of service for more than 12 months) to request additional time for temporarily out-of-service status would run contrary to the regulatory scheme and common sense. Indeed, an analogy could be made to court rules, which require that requests for extensions of deadlines be made within the deadlines, except in limited circumstances. See M.R. Civ. P. 6(b).

Petitioner takes issue with an amendment to section 11(B)(2) which became effective on April 3, 2007. The new language, italicized, provides that "[a] tank owner may apply in writing for approval of the commissioner to allow a facility to remain temporarily out-of-service for more than 12 consecutive months, *if done so before the initial 12 months out of service expires . . . .*" 06-096 CMR ch. 691 § 11(B)(2). Petitioner contends that this proves that the prior rule was unclear, "or else, the Department would not have set out to clarify it."[5] Petitioner's argument is unavailing. Even if this amendment "proves" the rule was previously ambiguous, the BEP's reasonable interpretation of an ambiguous statute or rule is given deference. To the extent that section 11(B)(2) was ambiguous prior to the April 3, 2007 amendment, the BEP's interpretation, as discussed above, was reasonable and entitled to deference.[6]

## II. Whether the BEP's order requiring complete removal of petitioner's underground tanks, on the ground that 9.5 inches of product remained in one of the tanks during the temporarily out-of-service period, was an abuse of discretion or a violation of petitioner's substantive due process right

Petitioner acknowledges that 9.5 inches of product was left in the diesel tank, in violation of 06-096 CMR ch. 691 § 11(B)(1). Petitioner argues, however, that because it otherwise "substantially complied" with the rules for placing its underground storage facilities temporarily out-of-service it should be deemed to have complied with section 11(B)(1). (Pet'r Br. at 21.) Petitioner submits that its failure to comply was the result of a faulty inspection by Certified Tank Inspector Don Bubar, who was hired by petitioner to ensure compliance with DEP rules. Petitioner also points to the DEP's decision not to

---

[5] The court also disagrees with petitioner to the extent petitioner argues that the rule was unconstitutionally vague prior to the April 3, 2007 amendment. That clarifying language was added to a regulation or statute does not conclusively establish the prior language was unconstitutionally vague.

[6] Moreover, the April 3, 2007 amendment may "be taken into consideration in dissipating the uncertainty of [the] foundation statute." Mundy v. Simmons, 424 A.2d 135, 137 (Me. 1980).

take enforcement action against CTI Bubar as evidence of the DEP's unequal treatment of petitioner.

The petitioner's arguments are without merit. Petitioner admittedly violated the DEP regulation regarding the removal of petroleum from tanks. See 06-096 CMR Ch. 691, § 11(B)(1)(b). Neither statute nor DEP rule compels the BEP to provide leniency for a violation of DEP rules or allows an exception for "substantial compliance." Moreover, notwithstanding any problems with CTI Bubar's inspection, statutory provisions and DEP rules squarely place responsibility for compliance on the *owner* of the facility. See, e.g., 38 M.R.S. § 563(9); 06-096 CMR Ch. 691, § 11. Because the BEP acted upon substantial evidence, petitioner's due process claim also fails. See Pine Tree Tel. & Tel. Co. v. Pub. Utils. Comm'n, 634 A.2d 1302, 1305-06 (Me. 1993) ("Because the Commission acted within its authority and discretion . . . it did not deprive Pine Tree of its right to due process.").

### III. Whether the BEP improperly considered factors beyond its statutory authority in support of its decision, in violation of petitioner's substantive due process rights

Petitioner argues that the DEP and BEP are punishing petitioner because "the tanks are located in a sensitive geologic area and because they are single-walled fiberglass tanks surrounded by a poly-impervious liner, as opposed to double-walled tanks." (Pet'r Br. at 24.) Petitioner's assertion is essentially founded upon four documents it received through a Freedom of Access Act (FOAA) request. Petitioner's argument suffers from numerous flaws.

As an initial matter, as explained above, the DEP and BEP decisions are based upon substantial evidence, and thus should be upheld. See CWCO, Inc., 1997 ME 226, ¶ 6, 703 A.2d at 1261. Moreover, regarding alleged constitutional violations, because it does not appear that petitioner raised these issues before the agency below, they are

unpreserved for appellate review. See Oronoka Rest., Inc. v. Maine State Liquor Comm'n, 532 A.2d 1043, 1045 n.2 (Me. 1987). Finally, the FOAA documents to which petitioner cites do not support petitioner's assertions.[7] Petitioner references a series of correspondence between two DEP employees proposing to add certain criteria to 06-096 CMR ch. 691 § 11(B)(2) for approving or denying requests by facilities to remain temporarily out-of-service. (See R. Ex. 58-C.) Among the proposals was to include the "proximity of the facility to one or more sensitive geological areas" and the "facility's design characteristics" as additional factors. (Id.) Petitioner attempts to tie these documents to the length of time it took the DEP to respond to its FOAA requests, and other references by DEP staff to the petitioner's facility's location in a sensitive geological area.[8] (See R. Exs. 25, 26, 28, 52.) The court cannot engage in the speculation submitted by petitioner that the BEP or the DEP decisions were based on extra-statutory factors, particularly in light of petitioner's admission that it violated *a statutory factor*. Accordingly, petitioner's due process and unconstitutional taking claims fail.

## IV. Whether the BEP violated the petitioner's right to procedural due process

Petitioner argues that the BEP violated its right to procedural due process by: 1) depriving petitioner of the opportunity to present evidence of other similarly situated storage facilities which were granted leniency by the DEP; and 2) failing to act independently from the DEP in hearing petitioner's appeal. (Pet'r Br. at 35.)

Regarding petitioner's first contention, petitioner argues that the BEP should have admitted evidence of the DEP's treatment of other facilities in various degrees of non-

---

[7] The court notes that petitioner bears the burden to overcome the presumption that agency decision-makers are fair and honest. In re Maine Clean Fuels, Inc., 310 A.2d 736, 751 (Me. 1973).

[8] Also problematic for the petitioner is that virtually all proffered documents relate to DEP staff, while it is the BEP—the ultimate agency decision-maker—that is of relevant concern. See Gorham v. Town of Cape Elizabeth, 625 A.2d 898, 902 (Me. 1993) ("The statements of the code enforcement officer, who is not a member of the Board, do not demonstrate denial of due process to Gorham.").

compliance. This argument is unfounded. Previous agency decisions need not always be consistent to be supported by substantial evidence. See Hall v. Bd. of Envtl. Prot., 498 A.2d 260, 266 (Me. 1985). Indeed, requiring the BEP to receive such evidence could quickly devolve into "mini-trials" regarding each facility. Because, on 80C review, inconsistent decisions do not establish that the BEP decision at issue was arbitrary, imposing a due process requirement that the BEP receive such evidence is inadvisable and constitutionally unnecessary. See, e.g., Mathews v. Eldridge, 424 U.S. 319, 335 (1976) (considering whether additional procedural safeguards would not have any value in preventing the "risk of an erroneous deprivation").

Regarding petitioner's second claim, petitioner appears to argue that the BEP did not act independently from the DEP because the BEP "adopted, almost verbatim, the very arbitrary and capricious rationale" the DEP articulated for refusing to admit petitioner's proffered evidence. (Pet'r Br. at 40-41.) Contrary to petitioner's characterization however, the statements are not suspiciously similar and simply express the same well-founded rationale for limiting evidence of other facilities, as explained above.

Petitioner also attempts to make much of the fact that the same Assistant Attorney General (AAG) advised both the DEP and the BEP in this action. (Pet'r Br. at 42-46.) Petitioner cites conflict of issue rules in support of its contention. See M. Bar. R. 3.4(b)(1). However, the Law Court has recognized the unique status of the AG, specifically that the AG's office "may be authorized to represent several government agencies in intragovernmental legal controversies in circumstances where a private lawyer could not represent multiple private clients." Superintendent of Ins. v. Attorney Gen., 558 A.2d 1197, 1203 (Me. 1989). Petitioner's reliance on Mechanic Falls Water Co. v. Public Utilities Commission, 381 A.2d 1080 (Me. 1977) does not compel an alternative

conclusion. The <u>Mechanic Falls</u> decision recognized—but left unanswered—the issue of whether the AG could "appear on behalf of the public utility commission's staff while at the same time advising the commission." <u>See</u> <u>id</u>. at 1106 n. 46. Although petitioner acknowledges that it may not be feasible to require outside counsel to represent the BEP in cases where the AG was heavily involved advising the DEP, petitioner insists that "there should be a minimum requirement that a different attorney advise the Board." (Pet'r Br. at 45.) In light of the AG's longstanding practice of assigning a single AAG to advise all components[9] of the DEP to assure consistent legal advice, and because DEP staff did not appear as a party or advocate before the BEP, the court cannot agree that such a requirement was mandated in this case.

## V. Whether the DEP violated the petitioner's right to procedural due process.

Petitioner argues that the DEP violated its due process rights by "unreasonably, willfully and unlawfully with[holding] evidence from the [BEP] regarding its enforcement record for similarly situated facilities and regarding its knowledge of the certified tank inspector's role in the violation cited" against petitioner. (Pet'r Br. at 47.) For reasons discussed previously, including the deferential standard of agency review, petitioner's admitted non-compliance with DEP rules, and the substantial evidence on the record to support the BEP's decision, petitioner's argument fails. <u>See also</u> <u>Kroeger</u> <u>v. Dep't of Envtl. Prot.</u>, 2005 ME 50, ¶ 21, 870 A.2d 566, 573 ("An agency does not act arbitrarily when it considers but disagrees with evidence submitted by one party and believes evidence submitted by another party.").

## VI. Whether the DEP violated the petitioner's right to equal protection.

---

[9] "The department shall consist of the Board of Environmental Protection . . . and of a Commissioner of Environmental Protection." 38 M.R.S. § 341-A(2).

Finally, petitioner argues that the DEP violated its right to equal protection by "treating it differently from other temporarily out-of-service facilities, presumably because it is located on a sensitive geologic area and because of its tank design." (Pet'r Br. at 60.) Petitioner's argument appears to be based on "selective enforcement." (Pet'r Br. at 62.) In order to establish a constitutional equal protection violation based on selective prosecution or selective enforcement, a plaintiff must at a minimum establish "that the challenged decision . . . had a 'discriminatory effect and that it was motivated by a discriminatory purpose.'" See Polk v. Town of Lubec, 2000 ME 152, ¶ 14, 756 A.2d 510, 513; Aucella v. Town of Winslow, 628 A.2d 120, 124 (Me. 1993); Willhauck v. Halpin, 953 F.2d 689, 711 (1st Cir. 1991) (quoting Wayte v. United States, 470 U.S. 598, 608 (1985)). Not only has the petitioner failed to prove that other out-of-service facilities were "similarly situated," petitioner has not shown that any discriminatory effect was motivated by a discriminatory purpose, "such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." Yerardi's Moody St. Rest. & Lounge, Inc. v. Bd. of Selectmen, 932 F.2d 89, 92 (1st Cir. 1991).

The entry is:

> The decision of the Maine Department of Environmental Protection is AFFIRMED.

January 28, 2009

Justice Joseph Jabar

**Attorney for Petitioner**
Diane A. Khiel, Bar #: 8177
Law Office of Diane A. Khiel
P.O. Box 70
Orono, ME 04473

**Attorney for Maine Board of Environmental Protection**
Nancy Macirowski, Asst. Atty. Gen., Bar #: 8987
Office of Attorney General
6 State House Station
Augusta, Maine 04333

Date Filed __6/15/07__ _____ __Kennebec_____ Docket No. __AP07-40_____

County

Action _____Petition for Review_____

80C

J. JABAR

Pond View, Inc._____ VS. __Maine Board of Environmental Protection__

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Diane A. Khiel, Esq. <br> P.O. Box 70 <br> Orono, Maine 04473 | Mary M. Sauer, AAG <br> 6 State House Station <br> Augusta, Maine 04333-0006 |

| Date of Entry | |
|---|---|
| 6/15/07 | Petition for Review, filed. s/Khiel, Esq. |
| 7/16/07 | Certification of Record, filed. s/Sauer, AAG **(in vault drawer)** <br> Index to Agency Record, filed. |
| 7/18/07 | Notice and Briefing Schedule mailed to attys. of record. |
| 7/30/07 | Motion for Stay of Briefing Schedule, filed. s/Khiel, Esq. <br> Proposed Order, filed. |
| 8/6/07 | ORDER, Studstrup, J. <br> Motion for Stay of Briefing Schedule: Granted. |
| 8/9/07 | Amended Index to the Agency Record, filed. s/Sauer, AAG |
| 9/10/07 | Motion to Modify Contents of the Record, filed. s/Khiel, Esq. <br> Proposed Order, filed. (Attachment A and Attachments B-L) (Attachment D,E) |
| 10/3/07 | 10/1/07: Respondents Opposition to Motion to Modify Content of Record and Incorportated Memorandum of Law filed by Mary Sauer AAG |
| 10/9/07 | Reply to Opposition to Motion to Modify Contents of the Record, filed. s/Khiel, Esq. <br> Certificate of Service, filed. s/Khiel, Esq. |
| | Notice of hearing for __4/8/08__ <br><br> sent to attorneys of record. |
| 3/6/08 | Motion for Continuance of Oral Argument, or in the Alternative, to Decide Motion on Written Submissions, filed. s/Sauer, Esq. |
| 3/28/08 | MOTION, Jabar, J. <br> Motion to continue is granted. The court will decide the pending motion on the written submission. <br> Copies mailed to attys. of record. |

| | |
|---|---|
| 8/11/08 | ORDER ON MOTION, Jabar, J.<br>Motion to add ATTACHMENT B, Granted.<br>Motion to add ATTACHMENT C, Granted.<br>Motion to add ATTACHMENT D, Granted.<br>Motion to add ATTACHMENT E, Granted.<br>Motion to add ATTACHMENT F, Granted.<br>Motion to add ATTACHMENT G, Granted.<br>Motion to add ATTACHMENT H, Granted.<br>Motion to add ATTACHMENT I, Granted.<br>Motion to add ATTACHMENT J, Granted.<br>Motion to add ATTACHMENT K, Granted.<br>Motion to add ATTACHMENT L, Granted.<br>Copies mailed to attys. of record. |
| 8/18/08 | **AMENDED NOTICE AND BRIEFING SCHEDULE ISSUED.**<br>Copies mailed to attys. of record. |
| 8/22/08 | Motion to Enlarge Time for Filing Brief, filed. s/Khiel, Esq.<br>Proposed Order, filed. |
| 08/26/08 | ON 08/25/08:  Order on Motion s/ Jabar, J.<br>Petitionser's motion to enlard the vriefing schedule, wherein<br>Petitioner's brief shall be due 40 days after August 21, 2008, is<br>hereby granted. copy Atty Khiel and AAG Sauer. |
| 8/25/08 | Second Amended Index to the Agency Record and documents numbered 57<br>through 76-L to be added to the tabbed administrative record.  Filed<br>by Mary Sauer, AAG. |
| 9/29/08 | Petitioner's Brief,  Khiel, Esq. |
| 10/29/08 | Letter entering appearance, filed. s/Macirowski, AAG<br>Opposition to Petition for 80C Appeal, filed. s/Macirowski, AAG |
| ------- | Plaintiff's Reply, filed. s/Walsh, Esq. |
| 11/14/08 | Plaintiff's Reply Brief, filed. s/Khiel, Esq.<br><br><br>Notice of setting for  1/8/09<br><br>sent to attorneys of record. |
| 1/8/09 | Hearing held with the Hon. Justice Joseph Jabar, presiding.<br>Diane Khiel, Esq. for the Petitioner and Nancy Macirowski, AAG for the<br>Respondent.<br>Oral arguments made to the court. Court to take matter under advisement. |
| 1/28/09 | DECISION AND ORDER, Jabar, J.<br>The decision of the Maine Department of Environmental Protection is<br>AFFIRMED.<br>Copies mailed to attys. of record.<br>Copies to Repository. |