2012 ME 143

**ANTLER'S INN & RESTAURANT, LLC**

v.

**DEPARTMENT OF PUBLIC SAFETY.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Nov. 28, 2012.

Decided: Dec. 28, 2012.

---

John S. Campbell, Esq., Campbell & Associates, P.A., Portland, for appellant Antler's Inn & Restaurant, LLC.

Victoria Morales, Esq., Thompson & Bowie, LLP, Portland, for appellee Town of Bingham.

William J. Schneider, Attorney General, and Michelle M. Robert, Asst. Atty. Gen., Office of the Attorney General, Augusta, for the Department of Public Safety.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, MEAD, GORMAN, and JABAR, JJ.

GORMAN, J.

[¶ 1] Antler's Inn & Restaurant, LLC appeals from a judgment of the District Court (Skowhegan, *LaVerdiere, C.J.*) affirming the decision of the Department of Public Safety denying the Inn's application for a liquor license. The Inn contends that the Department failed to meet statutory and constitutional notice requirements, and that its basis for denying the license is insufficient as a matter of fact and law. The Inn also argues that the District Court erred in dismissing its independent claim against the Department brought pursuant to 42 U.S.C.S. § 1983 (LexisNexis 2002). We affirm the judgment.

## I. BACKGROUND

[¶ 2] In 2007, the Inn obtained its first liquor license. In 2008, when the Inn was required to renew its liquor license, it applied to the Town of Bingham for a Class A lounge license pursuant to 28–A M.R.S. § 2(15)(L) (2012). When the Town's Board of Selectmen denied the requested license, the Inn appealed to the Bureau of Liquor Enforcement within the Department of Public Safety pursuant to 28–A M.R.S. §§ 82(5), 653(3) (2012). *See* 28–A M.R.S. § 2(6) (2012). After conducting a public hearing, a Department hearing officer also denied the license.

[¶ 3] The Inn appealed the Department's decision to the District Court and asserted independent claims against the Department and the Town alleging various constitutional and statutory violations, and seeking injunctive relief and attorney fees.[1] *See* 5 M.R.S. § 10051(3) (2012); 28–

---

1. The Inn also attempted to challenge the Town's decision pursuant to M.R. Civ. P. 80B,

A M.R.S. § 653(5) (2012). The court dismissed or granted a summary judgment against the Inn on all of the independent claims brought against the Department and the Town after concluding that the Inn had waived all constitutional contentions by failing to raise them before the Department.

[¶ 4] On the merits of the Inn's appeal of the Department's decision, however, the court remanded the matter to the Department after concluding that an appeal of a municipality's denial of a liquor license could only be decided by the Commissioner of Public Safety, and not a hearing officer; the court instructed: "The Department shall either re-hear the appeal or conduct additional procedures that it deems necessary to comply with the Department's responsibilities under Title 28–A and all applicable statutes." *See* 5 M.R.S. § 11007(4)(C)(3) (2012); 28–A M.R.S. §§ 2(9–A), 82(5), 653(3) (2012).

[¶ 5] On remand, the Department did not conduct a second hearing, but instead relied on the evidence obtained from the hearing before the remand. The hearing officer issued a recommended decision, again concluding that the Inn's license application should be denied; the parties had an opportunity to object to the recommended decision. On March 14, 2011, the Commissioner of the Department, also without conducting a hearing, issued a final decision approving the hearing officer's recommended decision in its entirety. The Commissioner entered only one additional finding—that one of the Inn's owners was sent notice by certified mail of the hearing that was conducted before the remand.

[¶ 6] The Inn filed a second appeal in the District Court to challenge the Department's decision; it also asserted the same independent claims against the Town and

but the court dismissed that claim for lack of subject matter jurisdiction. The Inn does not

the Department as in its first appeal. On the Town's and Department's motions, the court dismissed all claims other than the Rule 80C direct appeal of the Department's final decision on remand. The Inn appeals from the District Court's decision affirming the Department's denial. *See* 5 M.R.S. §§ 10051(3), 11008(1) (2012).

## II. DISCUSSION

[¶ 7] On appeal from a municipality's denial of a liquor license application, "the bureau may issue the license only if it finds by clear and convincing evidence that the decision was without justifiable cause." 28–A M.R.S. § 653(3)(B). We have interpreted the statute to require the Bureau to conduct a de novo hearing, *see, e.g., Allied Res., Inc. v. Dep't of Pub. Safety*, 2010 ME 64, ¶ 10, 999 A.2d 940; *Ullis v. Inhabitants of the Town of Boothbay Harbor*, 459 A.2d 153, 157 (Me.1983), although we have also required the Bureau to give "appropriate deference" to any factual findings made at the municipal level, *see Ullis*, 459 A.2d at 157. Here, the Department held a de novo public hearing and, after remand from the District Court and after correcting some procedural deficiencies, it issued the denial that is the subject of this appeal. In reviewing that decision, the District Court acted as an intermediate appellate court, and we therefore review the decision of the Department directly. *See Allied Res.*, 2010 ME 64, ¶ 10, 999 A.2d 940. We deferentially review the factual findings contained in the Department's decision to ensure that they are supported by substantial evidence, but we consider any issues of law de novo. *Id.* ¶ 11; *Friends of Lincoln Lakes v. Bd. of Envtl. Prot.*, 2010 ME 18, ¶ 13, 989 A.2d 1128.

challenge the dismissal of its Rule 80B appeal against the Town.

## A. Notice

[¶ 8] The Inn first argues that the Department violated the Maine Administrative Procedure Act (the Act), 5 M.R.S. §§ 8001–11008 (2012), and the Inn's right of procedural due process by failing to issue the required notice to the Inn of the hearing on the Inn's requested liquor license.

[¶ 9] As a preliminary matter, the Inn's challenge to the notice of hearing afforded by the Department is not preserved for our review. We have said many times that an argument, even one of constitutional dimension, that is not raised before an administrative agency may not be raised for the first time on appeal. *Oronoka Rest., Inc. v. Me. State Liquor Comm'n*, 532 A.2d 1043, 1045 n. 2 (Me.1987) (holding that a restaurant's challenge to the constitutionality of the liquor licensing statute was not preserved because the restaurant did not raise the issue before the governing liquor licensing agency); *see also Hale v. Petit*, 438 A.2d 226, 232 (Me.1981) ("The parties in an administrative proceeding must raise any objections to the agency's practice at the administrative level in order to preserve their rights to appeal."). The Inn's failure to raise its notice contentions before the Department in the proceedings before remand therefore preclude it from obtaining relief on that basis in this appeal.[2]

[¶ 10] Even if the Inn had preserved this argument, however, we would not vacate the Department's decision on this basis. The Act sets forth the notice requirements that apply when a statute, like the liquor statute, mandates that an agency conduct an administrative hearing: "[N]otice shall be given … [t]o the person or persons whose legal rights, duties or privileges are at issue, by regular mail, sufficiently in advance of the hearing date to afford an adequate opportunity to prepare and submit evidence and argument."[3] 5 M.R.S. §§ 9052(2)(A), 10001, 10003(1); 28-A M.R.S. § 653(3) (requiring the Department to conduct a hearing on liquor license application). "Notice," as defined in section 9052, "shall consist of" six pieces of information: (1) the legal and jurisdictional authority for the proceeding, (2) the statute or rule involved, (3) the nature and purpose of the proceeding and "the matters asserted," (4) the time and place of the hearing, (5) how evidence and argument can be submitted to the agency, and (6) how a person may intervene in the proceedings. 5 M.R.S. § 9052(4).

[¶ 11] Here, the administrative record supports the Department's finding that it sent a copy of the public notice of the hearing to one of the Inn's owners by certified mail approximately three weeks before the scheduling hearing. Indeed, the Inn's owner testified at the hearing, "I got the registered letter for this hearing." Although the notice technically complied with the requirement to list the statutory and jurisdictional authority for the hearing (28-A M.R.S. § 653(3)); the nature and

---

**2.** The Inn concedes that it did not raise the notice issue before the Department before its first appeal to the District Court, but argues that it did raise the notice issue in the District Court, and thus the Department was aware of the argument when it issued its second decision denying the license on remand. Nevertheless, the Department was not required to, and did not, conduct a second hearing after the District Court's remand. The notice issue related to the notice of the first hearing, and the Inn's failure to raise that issue during the first round of Department proceedings operated to forfeit its rights.

**3.** Section 9052(2) also makes a provision for public notice of such a hearing when the proceeding involves "issues of substantial public interest." 5 M.R.S. § 9052(2)(B) (2012).

purpose of the proceeding ("the appeal of the Town of Bingham liquor license denial of Antler's Inn & Restaurant"); and the location, time, and date of the hearing (Friday, January 30, 2009, at 11:00 a.m. at the Bingham Town Office at 13 Murray Street, Bingham, Maine), we note that these elements of notice were provided in a broad and cursory manner. Furthermore, the notice did not inform the Inn or the public of when and how the Department would receive evidence or argument, or how a party could intervene in the proceedings, in contravention of 5 M.R.S. § 9052(4)(E), (F).

[¶ 12] There is no dispute, however, that the owners of the Inn received advance notice that largely complied with section 9052(4), and that they attended and fully participated in the hearing on behalf of the Inn. The Inn also had ample notice of the ultimately dispositive basis for the Commissioner's denial of the liquor license—the Inn's service of liquor in an unlicensed area.[4] Were we to address the notice issue on its merits, we would hold that the deficiencies in the Department's notice constitute harmless error in the circumstances presented by this case. *See Gaeth v. Deacon*, 2009 ME 9, ¶¶ 21–23, 964 A.2d 621 (discussing the sufficiency of notice despite a failure to comply with "the technical requirements" of a notice provision); *Ireland v. Carpenter*, 2005 ME 98, ¶ 11, 879 A.2d 35 (same). Nevertheless, a notice that fully complies with every requirement in section 9052, and which explains each with significantly more particu-

larity, would better serve the Department, the parties, and the public.

### B. Grounds for Denial

[¶ 13] The Inn's next contention— that the ground on which the Department denied the license was not supported by substantial evidence in the administrative record and is insufficient as a matter of law—is not persuasive. The Department ultimately based its denial of the license on the Inn's service of liquor in the basement, an unlicensed area.[5] As a factual matter, the administrative record contains sufficient competent evidence to support the Department's finding that the Inn in fact served liquor in an unlicensed portion of the premises. As a matter of law, the Department may deny a liquor license when, inter alia, the applicant has violated "any provision of [Title 28–A]," 28–A M.R.S. § 653(2)(E). The sale of liquor in an unlicensed portion of the premises plainly violates 28–A M.R.S. §§ 9, 1051(3) (2012) and is therefore a sufficient ground on which to deny the Inn's requested liquor license.

### C. Dismissal of Independent Claim

[¶ 14] Finally, the Inn contends that the District Court erred in entering judgment against the Inn on its "cognizable section 1983 claims"—alleging lack of notice, insufficient notice, bias, ex parte communications, illegal and improper deliberations, arbitrary decision-making, reliance on hearsay evidence, and a deprivation of property without just com-

---

4. The Inn was aware that its service of liquor in an unlicensed area of the building would be at issue before the Department because the Town had denied the license the year before in part based on its finding that "it was run as a bar downstairs."

5. The Department also found, as a basis to deny the license, that the Inn had committed various food statute violations. Because the

Inn's admission to serving liquor in an unlicensed area is, by itself, sufficient to support the license denial, and because the Department does not press the food code violations as a ground for its decision in this appeal, we need not decide the adequacy of such a basis for denying a liquor license as a matter of fact or law.

pensation—against both the Town and the Department.[6] Title 42 U.S.C.S. § 1983 provides a mechanism for a party to obtain relief for the acts of government officials who, "while acting under color of state law, ... cause the deprivation of a federal right." *Pratt v. Ottum,* 2000 ME 203, ¶ 16, 761 A.2d 313. The exclusivity principle provides that such a claim is not available when other means of redress are available, however. *Gorham v. Androscoggin Cnty.,* 2011 ME 63, ¶ 22, 21 A.3d 115; *Colby v. York Cnty. Comm'rs,* 442 A.2d 544, 547 (Me.1982). More particularly, when, as here, a municipality or agency's decision is reviewable pursuant to M.R. Civ. P. 80B or M.R. Civ. P. 80C, that process provides the "exclusive process for judicial review unless it is inadequate." *Gorham,* 2011 ME 63, ¶ 22, 21 A.3d 115. For example, due process claims alleging a failure to hold a public hearing or challenging the exclusion of evidence are not cognizable section 1983 claims when a Rule 80B process is available. *See id.*

[¶ 15] The Inn's section 1983 claims against the Department and Town fall squarely within the exclusivity principle. Title 5 M.R.S. § 10051(3) provides that "[t]he District Court has exclusive jurisdiction to review licensing decisions of the Department of Public Safety taken pursuant to Title 28–A, section[ ] ... 653." When such a review is undertaken, the District Court is empowered to resolve the matter by affirming or remanding, or the court may "[r]everse or modify" the Department's decision if the "findings, inferences, conclusions or decisions" are

(1) In violation of constitutional or statutory provisions;

(2) In excess of the statutory authority of the agency;

(3) Made upon unlawful procedure;

(4) Affected by bias or error of law;

(5) Unsupported by substantial evidence on the whole record; or

(6) Arbitrary or capricious or characterized by abuse of discretion.

5 M.R.S. § 11007(4). Each of the Inn's section 1983 claims may therefore be resolved by the District Court pursuant to section 11007, and thus the Act's process provides the exclusive remedy available to the Inn.[7] The court did not err in entering a judgment against the Inn on its section 1983 claims.

The entry is:

Judgment affirmed.

---

6. The Inn does not appeal the dismissal of its other independent claims.

7. We need not determine whether the denial of a liquor license is a deprivation of a federal right for section 1983 purposes because, even if it is, the remedy afforded here is adequate.