STATE OF MAINE                                    SUPERIOR COURT
KENNEBEC, ss                                      CIVIL ACTION
                                                  DOCKET NO. CV-19-66

JOHN DOE, DO,

            Plaintiff

                                                  ORDER ON DEFENDANT'S
                                                  MOTION TO DISMISS
v.

MAINE BOARD OF OSTEOPATHIC
LICENSURE,

            Defendant

Before the court is defendant Maine Board of Osteopathic Licensure's ("the Board's") motion to dismiss plaintiff John Doe's ("Dr. Doe's") complaint. Dr. Doe is represented by Attorney Michael Cunniff. Defendant Board of Osteopathic Licensure is represented by Assistant Attorney General Michael Miller. Oral argument was held on October 8, 2019. For the following reasons, the motion to dismiss is granted.

## Background

Dr. Doe is the subject of eight disciplinary complaints and one investigation that are all currently pending before the Board (collectively "the Adjudicatory Proceedings"). Through his complaint, Dr. Doe is seeking judicial intervention in the administrative process in the form of an order requiring the Board to terminate the Adjudicatory Proceedings. Dr. Doe's complaint alleges that the Board has committed violations of both constitutional due process and statutory law. The complaint alleges that the Board did not furnish Dr. Doe notice as required by section 2591-A. Because the Board did not provide this notice, Dr. Doe claims the Adjudicatory Proceedings must be dismissed. Count I and II of the complaint both seek declaratory relief pursuant to 14 M.R.S. §§ 5953-5954. Count III of the complaint seeks review pursuant to 5 M.R.S. § 11001(2).

1

## Standard of Review

When reviewing a motion to dismiss pursuant to M.R. Civ. P. 12(b)(6), the court "examine[s] the complaint in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *In re Wage Payment Litig. v. Wal-Mart Stores, Inc.*, 2000 ME 162, ¶ 3, 759 A.2d 217. The court accepts as true the factual allegations in the complaint and "do[es] not address the credibility, or the provability, of [the] allegations." *Nadeau v. Frydrych*, 2014 ME 154, ¶ 8, 108 A.3d 1254. "Dismissal is warranted when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim." *Johanson v. Dunnington*, 2001 ME 169, ¶ 5, 785 A.2d 1244.

## Discussion

Dr. Doe's claims for relief rest entirely on 14 M.R.S. § 2591-A. Specifically, Dr. Doe's Claims rely on the notice provision of section 2591-A which states:

> [t]he board shall notify the licensee of the content of a complaint filed against the licensee as soon as possible, but, absent unusual circumstances justifying delay, not later than 60 days from receipt of this information.

Dr. Doe contends that this language creates a time bar which prohibits the Board from investigating a licensee unless it has furnished notice to the licensee within 60 days of the Board's receipt of information which is adverse to the licensee. Dr. Doe also contends that the Board's investigations and commencement of the Adjudicatory Proceedings violates due process and that the Board's failure to dismiss the Adjudicatory Proceedings entitles him to judicial review pursuant to 5 M.R.S. 11001(2).

In its motion, the Board argues that the complaint must be dismissed because (1); there has been no final agency action or refusal of the Board to act; (2) Dr. Doe has failed to exhaust

2

his administrative remedies; and (3) the complaint does not allege any claim for which relief can be granted.

In support of its motion, the Board argues that the alleged "complaints" the Board received were actually Title 24 reports required to be filed by 24 M.R.S. §§ 2505 & 2506 and were not "complaints" as contemplated by 32 M.R.S. 2591-A. Because of this, the Board contends that the 60-day notice requirement is not applicable. *See id.* (stating that "[t]he board shall notify the licensee of the content of a *complaint* filed against the licensee . . . not later than 60 days from receipt of [the] information.") (emphasis added). For the court to accept the Board's argument, however, it would have to accept as true the Board's assertion that the information it received are reports rather than complaints. Because this is a motion to dismiss, the court must accept as true all facts stated in the complaint. *Nadeau*, 2014 ME 154, ¶ 8, 108 A.3d 1254. The Court therefore accepts as true the allegations that information filed with the Board were complaints and not reports as the Board argues and that the Board also did not provide notice within sixty days of its receipt of the complaints. Despite this, the court agrees that the complaint must be dismissed.

Maine's Declaratory Judgment Act states

> Any person . . . whose rights status or other legal relations are affected by a statute . . . may have determined any question of construction or validity arising under the . . . statute . . . and obtain a declaration of rights, status or other legal relations thereunder.

14 M.R.S. § 5954. In this case, Dr. Doe seeks a declaration that the Adjudicatory Proceedings are time barred by the Board's failure to comply with section 2591-A's notice requirements. The problem with this argument is that a statutory notice requirement does not, in and of itself, time bar the commencement of litigation when the notice period has elapsed. Instead, when the legislature desires to make a notice requirement a necessary precondition to the commencement of a claim or action it has expressly stated that the notice provision must be complied with. *See* 14

3

M.R.S. § 8107 (stating that the notice requirements of the Maine Tort Claims Act must be substantially complied with before an action can be commenced against a governmental entity or employee); *See also* 24 M.R.S. §§ 2902 & 2903 (setting a three-year statute of limitations for professional negligence and requiring the filing of a notice of claim prior to instituting a lawsuit).

Even more importantly, courts do "not create a remedy or penalty when a statute is silent regarding the sanction for failure of an agency to timely act." *Bureau v. Staffing Network*, 678 A.2d 583, 590 (Me. 1996) (citing *Eastern Maine Medical Center v. Maine Health Care Finance Comm'n*, 601 A.2d 99, 101(Me. 1992)); *Davric Me. Corp. v. Me. Harness Racing Comm'n*, 1999 ME 99, ¶ 13, 732 A.2d 289; *see also Anderson v. Comm'r of Dep't of Human Servs.*, 489 A.2d 1094, 1099 (Me. 1985) (holding that the Department of Health and Human Services was not foreclosed from correcting an overpayment after it had failed to take action to correct the overpayment within the time allotted by administrative regulations).

In this case, section 2591-A certainly uses language indicating that, in ordinary circumstances, the Board must provide notice to the licensee within 60 days of its receipt of a complaint. However, even if this requirement is mandatory,[1] the statute is silent regarding what consequence exists for the Board's failure to provide notice. The court therefore may not fashion a remedy and Dr. Doe cannot obtain a declaration that the Board is prohibited from acting on information unless the Board gives notice to the licensee within 60 days of the Board's receipt of information. *See Staffing Network*, 678 A.2d at 590.

Dr. Doe also alleges that the Board violated his due process rights when it failed to dismiss its pending investigations and adjudicate the investigations within a reasonable period of time. The complaint, however, has alleged no facts which would support a finding that Dr. Doe has a

---

[1] The court is aware that ordinarily the use of "shall" indicates a mandatory, rather than a directory, duty, action or requirement. 1 M.R.S. § 71(9-A); *McGee v. Sec'y of State*, 2006 ME 50, ¶ 14, 896 A.2d 933.

4

constitutionally protected property interest in the notice provisions of a statute. *See Jackson v. Searsport*, 456 A.2d 852, 858 (Me. 1983) (holding that the failure to follow statutory procedures did not infringe any constitutionally protected property interest). Moreover, even if the complaint did adequately allege that a constitutionally protected property interest exists, Dr. Doe will still be able to obtain judicial review at the conclusion of the administrative process. *See Id.* at 858-59. Consequently, the complaint does not set forth any claim for relief premised on the infringement of Dr. Doe's due process rights. *See id.*; *Antler's Inn & Rest., LLC v. Dep't of Pub. Safety*, 2012 ME 143, ¶ 15, 60 A.3d 1248 (independent due process claim is not cognizable when appellate review is available pursuant to M.R. Civ. P. 80B or M.R. Civ. P. 80C); *see also Annable v. Board of Environmental Protection*, 507 A.2d 592, 595 (Me. 1986) (unwillingness to interrupt the administrative process is an important reason for applying the doctrine of exhaustion of remedies);

Finally, the court also does not find persuasive Dr. Doe's argument that he is entitled to judicial review pursuant to 5 M.R.S. § 11001(2) because the Board has failed or refused to dismiss the complaints and pending investigations against Dr. Doe. Section 11001(2) states: "Any person aggrieved by the failure of an agency to act shall be entitled to judicial review thereof in the Superior Court." To the extent that Dr. Doe has been aggrieved, it is not because the Board has failed to act at all—in fact the complaint alleges the Board has acted by pursuing investigations of Dr. Doe as well as adjudicatory proceedings—but it is because the Board has not acquiesced to Dr. Doe's request to terminate the pending administrative proceedings and thereby acted in the specific manner that Dr. Doe desires. As with the decision to initiate administrative proceedings, the decision not to terminate an ongoing administrative proceeding is a procedural decision which does not give rise to a right to review pursuant to either 5 M.R.S. § 11001(1) or (2). *See Kippax v. Bd. of Dental Practice*, 2018 Me. Super. LEXIS 207 at ** 3-4 (Oct. 16, 2018). Consequently, Dr.

Doe's complaint does not allege facts entitling him to review pursuant to section 11001. *See id.;* *see also Annable,* 507 A.2d at 594 (affirming the dismissal of an appeal brought pursuant to 5 M.R.S. § 11001(2) because the law at issue did not obligate the Board to consider the plaintiff's petition)

**Conclusion**

For the foregoing reasons, the court concludes that Dr. Doe's complaint does not state a claim for declaratory relief and that the court does not have jurisdiction to review Dr. Doe's claim brought pursuant to 5 M.R.S. § 11001.

**The entry is**

> **Defendant Maine Board of Osteopathic Licensure's Motion to Dismiss is GRANTED. Plaintiff John Doe, DO's Complaint is DISMISSED.**

**The clerk is directed to incorporate this order into the docket by reference. M.R. Civ. P. 79(a).**

Date: 1/7/2020

Justice, Superior Court

6