

STATE OF MAINE
KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-22-41

WADE T. HAMILTON, M.D.,

    Petitioner,

v.

STATE OF MAINE BOARD OF
LICENSURE IN MEDICINE,

    Respondent.

**ORDER ON RESPONDENT'S
MOTION TO DISMISS**

### Introduction/Background

On December 5, 2022, Petitioner Wade T. Hamilton—a licensed Maine physician specializing in pediatrics and pediatric cardiology—filed a petition for review of final agency action pursuant to M.R. Civ. P. 80C and an independent complaint for declaratory judgment pursuant to 14 M.R.S. § 5951, *et seq.*, against Respondent Maine Board of Licensure in Medicine ("the Board"). The petition and complaint arose from the Board's formal interim order directing an evaluation pursuant to 32 M.R.S. § 3286, which required that Dr. Hamilton submit to a neuropsychological evaluation by a Board-selected neuropsychologist. Count I seeks Rule 80C review of the Board's order, and Count II requests declaratory relief, including a judicial declaration that 32 M.R.S. § 3286 is facially unconstitutional.

The Board has moved to dismiss Count II pursuant to M.R. Civ. P. 12(b)(6), arguing that Rule 80C provides the exclusive path for judicial review of Dr. Hamilton's claims. Having considered the arguments of the parties and the governing law, a decision on the Board's motion to dismiss is in order.

1

## Discussion

"A motion to dismiss tests the legal sufficiency of the complaint." *Livonia v. Town of Rome*, 1998 ME 39, ¶ 5, 707 A.2d 83. "For purposes of a Rule 12(b)(6) motion, the material allegations of the complaint must be taken as admitted." *Id.* "In reviewing a dismissal, [the court] will examine the complaint in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Id.* "A dismissal should occur when it appears beyond doubt that a plaintiff is entitled to no relief under any set of facts that he might prove in support of his claims." *Id.* (internal quotations omitted).

In this case, the Board argues that Count II is barred by the so-called "exclusivity rule," which holds that when "a municipality or agency's decision is reviewable pursuant to M.R. Civ. P. 80B or M.R. Civ. P. 80C, that process provides the 'exclusive process for judicial review unless it is inadequate.'" *Antler's Inn & Rest., LLC v. Dep't of Pub. Safety*, 2012 ME 143, ¶ 14, 60 A.3d 1248. Dr. Hamilton does not appear to dispute this basic principle, though he raises one caveat: A matter is reviewable pursuant to Rule 80C only if there is a "final agency action." *See* 5 M.R.S. § § 8002(4), 11001(1). As such, Dr. Hamilton concedes that review would be exclusive under Rule 80C *if* the court ultimately concludes that the Board's order constitutes final agency action.

Nevertheless, the law is apparently unsettled as to whether the Board's "formal interim Order" directing evaluation qualifies as final agency action. Dr. Hamilton observes that in other cases, the Attorney General's Office has taken the position that licensing board actions similar to those taken here do not constitute final agency action subject to Rule 80C review. Accordingly, Dr. Hamilton states that he filed the declaratory judgment action (Count II) to preserve an alternative claim in the event that the court concludes that final agency action is lacking and that relief is unavailable pursuant to Rule 80C.

2

As neither party addresses whether the Board's "formal interim Order" directing evaluation pursuant to 32 M.R.S. § 3286 qualifies as final agency action, the court declines to resolve such an issue at this time. Accordingly, the court will allow Dr. Hamilton to assert Count II as an alternative claim for relief, which may be considered if Rule 80C review is precluded.

This ruling is grounded in several considerations. First, the Maine Rules of Civil Procedure specifically allow parties to plead in the alternative:

> A party may set forth two or more statements of a claim or defense alternatively or hypothetically, either in one count or defense or in separate counts or defenses. When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. A party may also state as many separate claims or defenses as the party has regardless of consistency and whether based on legal or on equitable grounds or on both.

M.R. Civ. P. 8(e)(2).

Second, case law supports the proposition that in certain situations, declaratory relief may be available where the agency has rendered a decision that is advisory, preliminary, or otherwise nonfinal. *See Rockland Plaza Realty Corp. v. City of Rockland*, 2001 ME 81, ¶ 6, 772 A.2d 256 ("We have in the past permitted parties to appeal an agency's interpretation of a statute as a matter of law prior to a final agency action"); *Help-U-Sell, Inc. v. Me. Real Estate Com.*, 611 A.2d 981, 983 (Me. 1992) (treating 80C complaint as a complaint for declaratory judgment where agency had issued a nonfinal advisory ruling); *Annable v. Bd. of Envtl. Prot.*, 507 A.2d 592, 594-96 (Me. 1986) (notwithstanding agency's contention that agency staff had issued a nonbinding advisory opinion, plaintiff could maintain a declaratory judgment action where a justiciable controversy over the interpretation of a statute existed).

Third, Petitioner's declaratory judgment action seeks a declaration as to the facial constitutional validity of 32 M.R.S. § 3286, and as such, presents at least one issue that is an appropriate subject of declaratory relief. The Declaratory Judgments Act provides that "any person . . . whose rights, status

3

or other legal relations are affected by a statute . . . may have determined any question of construction or validity arising under the . . . statute . . . and obtain a declaration of rights, status or other legal relations thereunder." 14 M.R.S. § 5954.

While courts generally do not interfere with agency matters until the administrative process has run its course, the Law Court has "previously held that, pursuant to section 5954, a plaintiff may file an independent civil action for a declaratory judgment *regarding the validity or construction of a statute* without first availing himself of the administrative process." *Minster v. Gray*, 584 A.2d 646, 648 (Me. 1990) (emphasis added); *Annable*, 507 A.2d at 595 ("Where the interpretation of a statute is at issue, we have in the past recognized that a plaintiff may maintain a declaratory judgment action even though an alternative remedy may be available to him."). Thus, Dr. Hamilton may preserve an alternative claim under the Declaratory Judgments Act as declaratory relief may be available to him.

**The entry is:** Based on the forgoing, the Board's motion to dismiss Count II is DENIED.


The clerk shall incorporate this Order on the docket by reference pursuant to M.R. Civ. P. 79(a).


Dated: March 10, 2023

Deborah P. Cashman
Justice, Maine Superior Court

4