George **GONZALES**

v.

**COMMISSIONER, DEPARTMENT OF PUBLIC SAFETY and District Attorney, Aroostook County.**

Supreme Judicial Court of Maine.

Argued March 1, 1995.

Reargued Sept. 6, 1995.

Decided Oct. 13, 1995.

Candy B. Gonzales (orally), Houlton, for plaintiff.

Andrew Ketterer, Attorney General, Peter J. Brann (orally), Assistant Attorney General, Augusta, for defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

CLIFFORD, Justice.

George Gonzales appeals from the judgment entered in the Superior Court (Kennebec County, *Mills, J.*) granting a summary

judgment in favor of the Commissioner of Public Safety and the District Attorney of Aroostook County, the defendants in this action. Gonzales brought his complaint following the denial of his application for a permit to carry an unconcealed firearm by a convicted felon. *See* 15 M.R.S.A. § 393 (1980 & Supp.1994). Gonzales contends that he has been denied constitutionally protected due process rights, that the statutory scheme violates the separation of powers doctrine, and that the trial court erred in denying his request, made pursuant to M.R.Civ.P. 80C(e), to take additional evidence. We are unpersuaded by Gonzales's contentions, and affirm the judgment.

Gonzales has prior felony convictions in California for selling narcotics (convicted in 1961) and burglary (convicted in 1970). A felon is prohibited from owning or possessing a firearm. 15 M.R.S.A. § 393(1)(A).[1] Five years after discharge from the sentence, however, the convicted felon may apply to the Commissioner of Public Safety for a permit to carry a firearm. 15 M.R.S.A. § 393(2). Notice of the application is given to various officials, including the district attorney, the sheriff, and the chief of police of the county and municipality where the applicant resides. *Id.* § 393(4). If any of those persons notified objects in writing to the issuance of the permit, the statute provides that no permit shall issue. *Id.* In this case, Neale Adams, the District Attorney for Aroostook County, where Gonzales resides, filed a written objection to the issuance of the permit. The Commissioner denied the permit.

After the Commissioner denied Gonzales's request that his application be reconsidered, Gonzales filed an appeal in the Superior Court pursuant to section 393(5) and M.R.Civ.P. 80C, seeking judicial review of the Commissioner's decision. After securing some discovery, Gonzales moved to clarify the course of proceedings and requested that the court allow him to present evidence. The court denied that request and granted the defendants' motion for a summary judgment. This appeal followed.

In reviewing an appeal from the grant of a summary judgment, we view the evidence in a light most favorable to the party against whom the judgment was entered and review the trial court's decision for errors of law. *Creamer v. Sceviour,* 652 A.2d 110, 113 (Me.1995). We will affirm a summary judgment when there is no genuine issue of material fact and the moving party is

---

1. 15 M.R.S.A. § 393 (1980 & Supp.1994) provides in pertinent part:

   **1. Possession prohibited.** A person may not own, possess or have under that person's control a firearm, unless that person has obtained a permit under this section, if that person:
   **A.** Has been convicted of a crime, under the laws of the United States, this State or any other state, that is punishable by imprisonment for one year or more;
   . . . .
   **2. Application after 5 years.** A person subject to the provisions of subsection 1 may, after the expiration of 5 years from the date that the person is finally discharged from the sentences imposed as a result of the conviction or adjudication, apply to the Commissioner of Public Safety for a permit to carry a firearm. That person may not be issued a permit to carry a concealed firearm pursuant to Title 25, chapter 252.
   . . . .
   **4. Notification, objection and hearing.** Upon receipt of an application, the Commissioner of Public Safety shall determine if it is in proper form. If the application is proper, he shall within 30 days notify in writing the sentencing judge, the Attorney General, *the district attorney for the county where the applicant resides,* the district attorney for the county where the conviction occurred, the law enforcement agency which investigated the crime, the chief of police and sheriff in the municipality and county where the crime occurred and the chief of police and sheriff in the municipality where the applicant resides as of the filing of the application. The commissioner may direct any appropriate investigation to be carried out. *If, within 30 days of the sending of notice, any person so notified objects in writing to the issuance of a permit, none shall be issued.* The commissioner may deny an application if no objection is filed.
   **5. Appeal.** Any person to whom a permit has been denied may appeal to the Superior Court of Kennebec County. The decision of the commissioner may not be overturned unless the court shall find the applicant's request is reasonable and that the denial of the commissioner was arbitrary, capricious or discriminatory. (Emphasis added.)

entitled to a judgment as a matter of law. *Id.*

### I.

Gonzales contends that by establishing the right for a person to obtain a permit to carry a firearm, section 393 creates a property interest that must be protected by due process. He argues that the Commissioner's denial of his permit deprived him of due process.

"To avoid summary judgment on a procedural due process claim, [the plaintiff] must show (1) that [he] had a property interest defined by state law; and (2) that defendants, acting under color of state law, deprived [him] of that interest without adequate process." *Licari v. Ferruzzi*, 22 F.3d 344, 347 (1st Cir.1994); *see also Hammond v. Temporary Compensation Review Bd.*, 473 A.2d 1267, 1271 (Me.1984) ("the due process clauses protect only certain individual interests, such as any life or liberty interest or certain property interests").

An applicant for a permit does not have a property interest in that permit if there is broad discretion to withhold the benefit. When the provider has broad discretion, the applicant cannot have a reasonable claim of expectation or entitlement to the permit. *See Greenwood v. Federal Aviation Admin.*, 28 F.3d 971, 976 (9th Cir.1994) (no property or liberty interest in renewal of pilot examiner designation because the decision is left to the complete discretion of the FAA and there is no right to automatic renewal); *White Plains Towing Corp. v. Patterson*, 991 F.2d 1049, 1062 (2d Cir.1993) ("An interest that state law permits to be terminated at the whim of another person is not a property right that is protected by the Due Process Clause."); *Fullman v. Graddick*, 739 F.2d 553, 561 (11th Cir.1984) (no property right in pistol permit when sheriff has discretion to deny license); *Erdelyi v. O'Brien*, 680 F.2d 61, 63 (9th Cir.1982) (because state law gives issuing authority broad discretion in granting and denying licenses for concealed weapons, the applicants do not have property rights in them); *Conway v. King*, 718 F.Supp. 1059, 1061 (D.N.H.1989) (no property interest in concealed weapon permit because licensing authority has broad discretion to withhold the benefit).

Here, the Legislature has given to certain named persons the absolute right to object to the issuance of the permit. Each of those persons has some personal knowledge of the applicant or some special concern about the granting of a permit. The district attorney in the county where Gonzales resides objected. Accordingly, the Commissioner could not issue the permit. § 393(4).[2] Gonzales, as a previously-convicted felon, has only a unilateral expectation and not a property interest in that permit and, thus, may not complain of its denial on due process grounds. Therefore, the court properly granted a summary judgment to the defendant on the due process claim.

### II.

Gonzales also contends that the refusal to issue him a permit constitutes a violation of the separation of powers clause of Maine's Constitution. Art. III, § 2 of Maine's Constitution provides that "[n]o person or persons, belonging to one of these departments, shall exercise any of the powers properly belonging to either of the others, except in the cases herein expressly directed or permitted." Contrary to Gonzales's contention, the Constitution does not explicitly grant to one department of state government the power to grant or deny firearms permits to the exclusion of the others. Thus, the grant or denial of a permit by a person in the Executive Branch, § 393(4), subject to some judicial review, *see* § 393(5), does not violate the separation of powers.

We also are unpersuaded that the court impermissibly refused Gonzales's request to

---

2. Had the district attorney not objected to the issuance of the permit, the Commissioner would then have had to determine whether to issue the permit. § 393(4). In such a case, Gonzales could have appealed a denial of his application by the Commissioner on the basis that the denial was arbitrary, capricious, or discriminatory. § 393(5).

present evidence pursuant to M.R.Civ.P. 80C. He made no specific offer of proof that would be relevant to any of the issues that he preserved or that would be cognizable in this appeal.[3] Accordingly, the court acted within its discretion in refusing the request under Rule 80C(e).

The entry is:

Judgment affirmed.

All concurring.

**3.** Gonzales has not pursued his equal protection claims on appeal.