MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:    2015 ME 50
Docket:      Ken-14-344
Argued:      April 9, 2015
Decided:     May 5, 2015

Panel:        SAUFLEY, C.J., and ALEXANDER, GORMAN, JABAR, and HJELM, JJ.

JASON E. BOUCHARD

v.

DEPARTMENT OF PUBLIC SAFETY

ALEXANDER, J.

[¶1]  Jason E. Bouchard appeals from a judgment of the Superior Court (Kennebec County, *Mullen, J.*) affirming the Department of Public Safety's decision to deny his application for a permit to carry a non-concealed firearm by a prohibited person, also known as a "black powder permit," pursuant to 15 M.R.S. § 393 (2014).[1]  Bouchard argues that the statute's procedure for consideration of black powder permit applications violates the separation of powers provision of article III of the Maine Constitution.  Specifically, Bouchard contends that the

---

[1]  Title 15 M.R.S. § 393 (2014) provides, in relevant part, that individuals are prohibited from possessing firearms when they have been convicted of crimes punishable by imprisonment for a term of one year or more under Maine law, or a term exceeding one year under federal law or another state's law. 15 M.R.S. § 393(1)(A-1)(1)-(3); *see also* 18 U.S.C. § 922(g)(1) (2012) (prohibiting certain convicted individuals and others from possessing a firearm under federal law).  Because the State of Maine cannot allow possession of firearms in violation of federal law, any permit granted pursuant to sections 393(2) and 393(4) authorizes a permit holder to possess only weapons that do not fall within the definition of "firearm" under federal statute.  *See* 15 M.R.S. § 393(2). Such exempt weapons include muzzle-loading or black powder firearms.  *See* 18 U.S.C. § 921(a)(3), (16)(C) (2012).

2

statute (1) improperly delegates authority to certain persons to object to issuance of the permit without sufficient guidelines or restrictions, and (2) while authorizing an appeal, leaves no avenue for meaningful judicial review of the Department's denial of a permit once an objection has been made. We discern no constitutional infirmity in the statute, either facially or as applied, and we affirm the judgment.

## I. CASE HISTORY

[¶2] The essential facts are not in dispute. Jason E. Bouchard is a convicted felon. In 2003, following a jury trial, he was convicted of theft by deception (Class C), 17-A M.R.S. § 354 (2014); theft by unauthorized taking or transfer (Class B), 17-A M.R.S. § 353 (2014); and misuse of entrusted property (Class D), 17-A M.R.S. § 903 (2014). The convictions stemmed from Bouchard's misuse of a state-issued fuel credit card while serving as a warden pilot for the Maine Warden Service. *See State v. Bouchard*, 2005 ME 106, 881 A.2d 1130. Bouchard completed serving his sentences with termination of his probation in 2007.

[¶3] Pursuant to 15 M.R.S. § 393(2), a convicted felon may apply for such a permit five years after final discharge from his or her sentence. In April 2013, Bouchard submitted to the Department of Public Safety an application for a black powder permit. The Maine State Police, a division of the Department, sent notice of Bouchard's application to the law enforcement and prosecution officials ("notified persons") enumerated in 15 M.R.S. § 393(4). These notices requested

that the notified persons check their records for "any additional information relevant to the issuance of this permit" and that they advise the Department of any objections they had to the issuance of the permit and the reasons underlying such objections. *See id.* § 393(4)(A). [2]

[¶4]  The Department received an objection from the District Attorney for Aroostook County, which is "the county where [Bouchard] resides," pursuant to section 393(4).  The District Attorney's correspondence stated, in relevant part:

> Please be advised that pursuant to [15 M.R.S. § 393(4)], I do object to the issuance of any such permit to Mr. Bouchard.

---

[2]  Title 15 M.R.S. § 393(4) provides:

> **4. Notification, objection and decision.**  Upon receipt of an application, the commissioner shall determine if the application is in proper form. If the application is proper, the commissioner shall within 30 days notify in writing the sentencing or presiding judge, the Attorney General, the district attorney for the county where the applicant resides, the district attorney for the county where the conviction occurred, the law enforcement agency that investigated the crime, the chief of police and sheriff in the municipality and county where the crime occurred and the chief of police and sheriff in the municipality where the applicant resides as of the filing of the application. The commissioner may direct any appropriate investigation to be carried out.
>
> > **A.**  If, within 30 days of the sending of notice, a person notified objects in writing to the commissioner regarding the initial issuance of a permit and provides the reason for the objection, the commissioner may not issue a permit. The reason for the objection must be communicated in writing to the commissioner in order for it to be the sole basis for denial.
> >
> > **B.**  If, within 30 days of the sending of notice, a person notified objects in writing, including the reason for the objection, to the commissioner regarding a 2nd or subsequent issuance of a permit, the commissioner shall take the objection and its reason into consideration when determining whether to issue a 2nd or subsequent permit to the applicant, but need not deny the issuance of a permit based on an objection alone.
>
> The commissioner may deny any application for a permit even if no objection is filed.

4

> My view is that firearms and a criminal history such as the one earned by Mr. Bouchard should never mix. Please examine the case of Albenie LaFerriere.[3]

[¶5] The Department subsequently denied Bouchard's permit application in accordance with section 393(4)(A), which provides that "[i]f, within 30 days of the sending of notice, a person notified objects in writing to the commissioner regarding the initial issuance of a permit and provides the reason for the objection, the commissioner may not issue a permit." The Department indicated in a letter to Bouchard that his application was denied due to the District Attorney's objection.

[¶6] As authorized by 15 M.R.S. § 393(5), Bouchard filed in the Superior Court a petition for review of the Department's decision pursuant to the Maine Administrative Procedure Act, 5 M.R.S. § 11001 (2014), and M.R. Civ. P. 80C. He argued to the Superior Court, in part, that section 393(4)(A) authorizes an improper delegation of authority in violation of the doctrine of separation of powers, Me. Const. art. III, §§ 1, 2.

[¶7] After a hearing, the court affirmed the Department's decision, holding that 15 M.R.S. § 393(4)(A) does not violate the separation of powers clause. The court noted that Bouchard's case was "virtually indistinguishable" from *Gonzales v. Commissioner, Department of Public Safety*, 665 A.2d 681

---

[3] The case to which the District Attorney was apparently referring is *Laferriere v. State*, 1997 ME 169, ¶ 2, 697 A.2d 1301, a murder case that involved use of a firearm. Our *Laferriere* opinion did not address whether Laferriere had any prior record that might have implicated 15 M.R.S. § 393.

(Me. 1995), in which we upheld the statute in the face of a similar separation of powers challenge. *See id.* at 683. Bouchard filed this timely appeal pursuant to 5 M.R.S. § 11008 (2014) and M.R. Civ. P. 80C(m).

## II. LEGAL ANALYSIS

[¶8] We review issues of constitutional interpretation de novo. *Ford Motor Co. v. Darling's*, 2014 ME 7, ¶ 15, 86 A.3d 35. A person "challenging the constitutionality of a statute bears a heavy burden of proving unconstitutionality[,] since all acts of the Legislature are presumed constitutional." *State v. Gilman*, 2010 ME 35, ¶ 13, 993 A.2d 14. "To prevail against the presumption that [a] statute is constitutional, . . . the part[y] challenging the statute[] must demonstrate convincingly that the statute and the Constitution conflict." *Godbout v. WLB Holding, Inc.*, 2010 ME 46, ¶ 5, 997 A.2d 92. "Further, all reasonable doubts must be resolved in favor of the constitutionality of the statute." *Id.*

[¶9] Bouchard's principal constitutional argument appears to be an articulation of the nondelegation doctrine. Flowing from the separation of powers principles found in article III of the Maine Constitution, the purpose underlying the nondelegation doctrine "is to protect the citizen against arbitrary or discriminatory action by public officials." *State v. Boynton*, 379 A.2d 994, 995 (Me. 1977).

6

However, the doctrine is limited to delegations of legislative authority.[4] *See id.* Here, the authority delegated to the Department and notified persons pursuant to section 393(4) is better characterized as administrative or ministerial in nature. *See Kovack v. Licensing Bd., City of Waterville*, 157 Me. 411, 414-16, 173 A.2d 554, 556-57 (1961) (upholding the authority delegated to a licensing board to make fitness determinations for the licensing of innkeepers and clarifying that "administrative officials may be given authority to ascertain the existence of facts to which a legislative policy is applicable, and generally have absolute discretion to grant or refuse licenses for businesses which are inherently illegal"). Thus, in *Gonzalez*, we upheld a previous version of section 393(4), stating that "the Constitution does not explicitly grant to one department of state government the power to grant or deny firearms permits to the exclusion of the others." 665 A.2d at 683. We remain unpersuaded that section 393(4) creates an unconstitutional delegation of legislative authority.

[¶10] Bouchard also argues that section 393(4) improperly precludes meaningful judicial review of the Department's denial of a first-time permit

---

[4] The cases cited by Bouchard each involved more clearly legislative or "proscriptive" functions. *See State v. Dube*, 409 A.2d 1102, 1108 (Me. 1979) (upholding a delegation of rule-making authority to the Public Utilities Commission); *State v. Boyajian*, 344 A.2d 410, 412-13 (Me. 1975) (upholding a statute authorizing the Board of Commissioners of the Profession of Pharmacy to establish a list of "potent medicinal substances" and prohibit their sale); *Fitanides v. Crowley*, 467 A.2d 168, 172 (Me. 1983) (striking down, for lack of adequate standards, a delegation of legislative power to a zoning board to issue exceptions for uses that promote public health or welfare).

application. The availability of judicial review, however, is not determinative of whether the statute violates separation of powers principles. Indeed, judicial power has its own limits, and the extent of the judiciary's authority to review executive actions pursuant to the Administrative Procedure Act "must be read in light of the constitutional doctrine of separation of powers."[5] *Brown v. State, Dep't of Manpower Affairs*, 426 A.2d 880, 884 (Me. 1981).

[¶11] Even apart from any separation-of-powers issue, the unavailability of judicial review in certain circumstances does not present a facial or as-applied constitutional defect because Bouchard has no constitutional right or interest at stake. We have held, and Bouchard concedes, that although article I, section 16 of the Maine Constitution provides that "[e]very citizen has a right to keep and bear arms and this right shall never be questioned[,]" this right does not extend to convicted felons. *See State v. Brown*, 571 A.2d 816, 820-21 (Me. 1990) (holding that section 393's prohibition on the possession of a firearm by persons convicted of nonviolent felonies is not in excess of the State's police power); *see also*

---

[5] Because the facts at issue here demonstrate compliance with the terms of section 393, we have no occasion to speculate as to whether an effective appeal might be available if, for example, facts suggest an ultra vires act, such as considering an objection from a source other than those listed in section 393(4), or an act of illegal discrimination, such as an objection based on race or gender. Beyond this, the notice of Bouchard's application sent by the Maine State Police requested "any additional information relevant to the issuance of the permit." Here, we cannot say that the District Attorney's response was not "relevant." This opinion therefore does not implicate the question of how the Commissioner might treat an objection that is not relevant to the processing of an application filed under section 393.

*District of Columbia v. Heller*, 554 U.S. 570, 626 (2008) (recognizing the validity of "longstanding prohibitions on the possession of firearms by felons").

[¶12] Nor does the permitting process allowed by section 393(4) create, as Bouchard suggests, a right or expectation entitled to constitutional protection. Rather, the statute carves out from the general prohibition of felons' possession of firearms a narrow exception for applicants to be granted a license by an executive agency. It is particularly narrow because, as we have noted, "the Legislature has given to certain named persons the absolute right to object to the issuance of the permit. Each of those persons has some personal knowledge of the applicant or some special concern about the granting of a permit." *Gonzales*, 665 A.2d at 683.

[¶13] Because there is no constitutional right or interest at stake that requires judicial protection, the potential for judicial review to be unavailable in certain circumstances presents no facial constitutional defect. As applied to this case, a properly notified person provided a relevant objection that was consistent with the underlying purpose of the statute, and the permit was properly denied.

The entry is:

Judgment affirmed.

**On the briefs:**

> Steven T. Blackwell, Esq., Lanham Blackwell & Baber, P.A., Bangor, for appellant Jason Bouchard

> Janet T. Mills, Attorney General, and Laura Yustak Smith, Asst. Atty. Gen., for appellee State of Maine

**At oral argument:**

> Steven T. Blackwell, Esq., for appellant Jason Bouchard

> Laura Yustak Smith, Asst. Atty. Gen., for appellee State of Maine

Kennebec County Superior Court docket number AP-2013-44
FOR CLERK REFERENCE ONLY