MLR|SC#293-16

STATE OF MAINE                                    SUPERIOR COURT
KENNEBEC, ss.                                     CIVIL ACTION
                                                  DOCKET NOS. AP-15-40
                                                              AP-15-41


ANN MUDGE BACKER et. als.,
        Petitioners


v.                                                **DECISION AND ORDER**


STATE OF MAINE DEPARTMENT
OF MARINE RESOURCES et. als.,
        Respondents


        This matter was argued to the undersigned on June 3ʳᵈ, 2016 with respect to the "Petition For Review Of Final Agency Action with Independent Claims for Relief" in Docket No. AP-15-41 filed by Petitioners Rebecca Jan Pirozzolo-Mellowes, Personal Representative of the Estate of Jack R. Pirozzolo and Christopher R. Goddu, as well as with respect to the "Petition For Review Of Final Agency Action Pursuant To M. R. Civ. P. 80C" filed by Petitioners Ann Mudge Backer, Nicholas Sichterman, and Mariah Hughs in Docket No. AP-15-40.[1] After reviewing the written and oral arguments of counsel as well as having an opportunity to review the Record on appeal consisting of 11 volumes of material, the Court enters the following **Decision and Order** based upon the reasons stated below:

**I. Parties' Motions to Supplement and Correct the Record:**

        1. Respondent has requested permission to correct the record pursuant to Rule 80(d) of the Maine Rules of Civil Procedure as well as 5 M.R.S. § 11006(2). Specifically, during a hearing a witness testified that he heard the Department's Commissioner state:

We cannot allow, I'm trying to be politically correct but I'm not sure if I can be, we cannot allow people from away who have big dollar summer houses here to dictate whether there is going to be an oyster farm in their viewshed.

(R. Vol III, 145:6-12.)

---

[1] These matters were consolidated by agreement by Order dated 6/29/15.

2. However, the Commissioner's full statement, which has not been admitted as part of the record, was:

We cannot allow, I'm trying to be politically correct but I'm not sure if I can be, we cannot allow people from away who have big dollar summer houses here to dictate whether there is going to be an oyster farm in their viewshed. That is one component and one component that is part of law that we need to consider, but it is not the only component that we need to consider.

...

It is the role of this Department to make a determination that the use is proper, that there are no ecological impacts, and there is [sic] no additional use impacts whether it's navigation or access to an area and how does it pertain to the view shed. And those are all the issues that we need to look at, that we need to address head on....

(Resp.'s Br., Appendix C at 1; Resp.'s Br. at 25.)

3. The Department has moved to correct the record by supplementing the record with the Commissioner's full statement. (Resp.'s Mot. at 1.) The Department cited to M.R. Civ. P. 80(d), presumably meaning 80C(d), and 5 M.R.S. § 11006(2). (Resp. Mot. at 1.) The Department argued "[t]he information is necessary for a correct and contextually accurate record in this appeal and is directly relevant to" Petitioner P-M's claim that Commissioner Keliher's approval of the lease was affected by bias. (Resp. Mot. at 1-2.)

4. The Department asked the Petitioners if they had any objections. (Resp. Mot. at 3.) Petitioner Backer had no objection. (Resp. Mot. at 3.) Petitioner P-M would not object if the Department allowed Petitioner P-M to add evidence to the record, which the Department rejected. (Resp. Mot. at 3.)

5. Petitioner P-M argued this Court should deny the Department's motion because it is untimely and procedurally improper. (Pet. P-M's Opp. at 4.) Specifically, Petitioner argued that the Department should have moved under M.R. Civ. P. 80C(e) to add evidence within 10 days after the agency filed the Department filed the Record with the court. (Pet. P-M's Opp. at 5.) But the Department did not do so.

6. The Department is now styling its motion as one to supplement and correct; however, under the plain meaning of the APA and the rules, "motions to make a 'correction' to the record are only appropriate where a party is seeking to remedy some fault or error in an existing part of the record, not to 'supplement' the record with new evidence." (Pet. P-M's Opp. at 6.) Moreover, neither the APA nor the rules define "correction," but the dictionary defines it as "substitute something in place of what is wrong." (Pet. P-M's Opp. at 6.) Simply put, there is no mistake or problem to correct. (Pet. P-M's Opp. at 7.)

7. In the alternative, if this Court grants the Department's motion, then Petitioner P-M requests to supplement and correct the record with a letter from Town of Surry Selectmen Dale Sprinkle to David Kallin, which "provides

important context regarding information about the water quality in Morgan Bay that was in DMR's possession during the review of Mr. Porada's application, but which is not adequately reflected in the record." (Pet. P-M's Opp. at 8.)

8. The Department argued this Court should deny Petitioner P-M's cross-motion to add evidence because it is untimely and it does not meet any of the exceptions to the general rule under 5 M.R.S. § 11006(1)(A)-(D). (Resp. Opp. at 3.)

9. Although the Department did not stylize its motion as a motion for this Court to take additional evidence, the Court denies that argument because the Department did not file that motion within 10 days as required under Rule 80C(e). The Court applies Rule 80C(e) literally and finds that the Department violated the 10-day deadline. Moreover, the circumstances of this case do not warrant this Court to deviate from the rule because the Department had the Commissioner's complete quote, but did not attempt to add it to the record until after the Petitioners filed their 80C briefs.

10. Moreover, the Department is not "correcting" anything, but instead is seeking to enter additional evidence. In this case the plain meaning of "correction" means substituting one thing for another. The Department is not substituting one thing for another, but is adding evidence. Although it is adding evidence to give context to the Commissioner's statement, the Department is not correcting a mistake. The Commissioner made that statement. The Department could have put the Commissioner's statement in context during the hearing. It did not. The Respondent's Motion To Supplement and Correct the Record is **denied.**

11. For the same reasons above, the undersigned **denies** Petitioner P-M's cross-motion.

## II. Petitioner's Motion For Summary Judgment on Independent Claims:

12. In Docket No. AP-15-41 the Petitioners filed two independent claims. One sought a declaration that the Department lacked the authority to issue any experimental aquaculture leases until such time as it had promulgated rules pursuant to 12 M.R.S. § 6072-A(10) establishing a method to establish an environmental baseline as well as seeking a declaration from the Court that the final decision appealed from was *ultra vires* and void. The other claim sought a declaration from the Court that commercial aquaculture leasing statutes and regulations were unconstitutional to the extent that they allow the Department to issue private citizens exclusive rights to use submerged lands in a way that is unrelated to any public trust uses and would impede the public's constitutionally protected rights to use those lands. Petitioners also sought a ruling that the Department lacked authority to issue any such exclusive commercial aquaculture leases, that the decision below authorized a four acre Lease Area that unreasonably interfered with the public trust uses of the submerged lands, and finally that the decision below was void. *See* Counts II and III of the aforementioned petition.

13. The Respondent entered a general denial to the petition and also contended that the claims failed to state a claim upon which relief could be granted as well as the independent claims constituted a collateral attack on the Department's actions that should be pursued instead consistent with Rule 80C of the Maine Rules of Civil Procedure as well as consistent with the Maine Administrative Procedure Act, *see* Answer of Respondent for more details.

14. In January of this year the Petitioners filed their brief and Motion for Summary Judgment. With respect to the independent claims the Petitioners sought a declaration from the Court that the Department had failed to promulgate rules as required by 5 M.R.S. § 8058(1) or instead determine the Department's interpretation of its obligations under 12 M.R.S. § 6072-A(10) was unreasonable and/or contrary to the plain meaning of the authorizing statute. The Petitioners also sought a declaration from the Court that the statutes and regulations governing commercial aquaculture leases were unconstitutional and violated the public trust doctrine.

15. It is unclear to the undersigned whether summary judgment is available with respect to an independent claim to an 80C appeal. The Law Court has indicated that a Motion for Summary Judgment is inappropriate in a Rule 80C appeal. *Martin v. Unemployment Ins. Comm'n*, 1998 ME 271.

16. In any event, Petitioner's Motion for Summary Judgment is moot if the independent claims present essentially the same arguments as the 80C appeal. Independent claims may be dismissed as superfluous if the relief sought in the independent claims is available through the 80C appeal. *Birks v. Secretary of State Matthew Dunlap*, BCD-AP-16-04 at 9-10 (Bus. & Consumer Ct. Apr. 8, 2016, *Murphy, J.*) (citing *Antler's Inn & Restaurant, LLC v. Dep't of Public Safety*, 2012 ME 143, ¶¶ 14-15, 60 A.3d 1248; *Kane v. Comm'r of the Health & Human Serv.s*, 2008 ME 185, ¶¶ 30-32); *see also Anthem Health Plans of Me. v. Superintendent of Insurance*, BCD-WB-AP-11-06 at 3-9 (Bus. & Consumer Ct. Apr. 8 2016, *Humphrey, C.J.*), *aff'd*, 2012 ME 21, 40 A.3d 380 (granting Respondent's Motion to Dismiss both an independent claim "alleging a violation of due process and a taking without just compensation" and a second independent claim "seek[ing] declaratory judgment that [Maine law] requires that regulated rates must be designed to include a fair and reasonable rate of return," because, since Petitioner "has an adequate remedy at law within its administrative appeal, the exclusivity doctrine strips the court of jurisdiction over [the independent claims], and dismissal pursuant to M.R. Civ. P. 12(b)(1) is appropriate.")

17. The Court in *Anthem Health Plans of Me.* found that, by granting Respondent's Motion to Dismiss the independent claims, it had rendered moot Petitioner's pending Motion for Summary Judgment on those claims. *Id*. at 9.

18. Of note in this case is the fact that the Department sought dismissal of Counts II and III via affirmative defenses but did not separately move to dismiss in writing or orally at the June 3, 2016 hearing before this Court. In fact, counsel for the Department stated at the hearing that upon consideration he had specifically chosen not to seek dismissal of the independent claims. Regardless, this Court chooses to **dismiss** both of the independent claims *sua sponte*, finding that they are superfluous. The Court takes this action notwithstanding the fact that the undersigned by agreement of counsel signed the Order dated 12/24/15 allowing the independent claims to be submitted for summary judgment.

19. Alternatively, to the extent the linkage of these independent claims to the Rule 80C appeal is appropriate, and that it is appropriate for the Court to determine the validity of the claims in a summary judgment forum, the Court **grants** summary judgment in favor of the Respondent in this matter. Summary judgment is appropriate if, based on the parties' statements of material fact and the cited record, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *Dyer v. Dep't of Transp.*, 2008 ME 106, ¶ 14, 951 A.2d 821. "A material fact is one that can affect the outcome of the case. A genuine issue of material fact exists when the [fact finder] must choose between competing versions of the truth." *Dyer*, 2008 ME 106, ¶ 14, 951 A.2d 821 (internal citation and quotation marks omitted). When deciding a motion for summary judgment, the court reviews the evidence in the light most favorable to the non-moving party. *Id.*

20. When the plaintiff is the moving party on a motion for summary judgment, the plaintiff has the burden to demonstrate that each element of its claim is established without dispute as to material fact within the summary-judgment record. *North Star Capital Acquisition, LLC v. Victor*, 2009 ME 129, ¶ 8, 984 A.2d 1278.

21. Looking at the constitutionality of statutes, courts "review issues of constitutional interpretation de novo." *Bouchard v. Dep't of Pub. Safety*, 2015 ME 50, ¶ 8, 115 A.3d 92, 96 (citations omitted). "A person 'challenging the constitutionality of a statute bears a heavy burden of proving unconstitutionality[,] since all acts of the Legislature are presumed constitutional.'" *Id.* (citations omitted). "To prevail against the presumption that [a] statute is constitutional, . . . the part[y] challenging the statute[] must demonstrate convincingly that the statute and the Constitution conflict." *Id.* (citations omitted). "Further, all reasonable doubts must be resolved in favor of the constitutionality of the statute." *Id.* (citations omitted). In other words, courts "must assume that the Legislature acted in accord with constitutional requirements if the statute can reasonably be read in such a way, notwithstanding other possible unconstitutional interpretations of the same statute." *State v. Letalien*, 2009 ME 130, ¶ 15.

22. Looking at the constitutionality of the regulations, "[t]he standard of review for a challenge to the validity of a rule, whether raised in a declaratory judgment action or a Rule 80C petition, is contained in 5 M.R.S.A. § 8058(1)." *Conservation Law Found. v. Dep't of Envtl. Prot.*, 2003 ME 62, ¶ 21

(citations omitted). Under § 8058(1), "[i]f the rule exceeds the rule-making authority of the agency, it is invalid. *Id.* ¶ 21. "If a rule does not exceed the rule-making authority, the court next reviews "any other procedural error" related to the promulgation of the rule. *Id.* (citing 5 M.R.S. § 8058(1)). "Finally, if the rule is procedurally correct and within the agency's rule-making authority, it is reviewed substantively 'to determine whether the rule is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law.'" *Id.* (citing 5 M.R.S. § 8058(1)).

23. The Court finds 12 M.R.S. §§ 6072, 6072-A, and 6072-B to be constitutionally valid. The Court finds further that the aquaculture leasing statute serves a valid public purpose and does not unduly impair the public trust. The Court also finds that the Department has satisfied the rule-making mandate of § 6072-A(10). The Court also finds that the Department did not err by not considering spiritual and contemplative uses as "other uses of the area" because such uses are not water-related.

### III. Rule 80C Appeal:

24. With respect to Petitioner's contention that the Department's decision was not supported by substantial evidence, the Court may reverse or modify the Secretary's decision "if the administrative findings, inferences, conclusions or decisions are … [u]nsupported by substantial evidence on the whole record…. 5 M.R.S. § 11007(4)(C)(5) (2015). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support the resultant conclusion." *Lewiston Daily Sun v. Unemployment Ins. Comm'n*, 1999 ME 90, ¶ 7, 733 A.2d 344 (quoting *Crocker v. Maine Unemployment Sec. Comm'n*, 450 A.2d 469, 471 (Me. 1982)). "A party seeking to overturn an agency decision bears the burden of persuasion on appeal." *Anderson v. Me. Pub. Emples. Ret. Sys.*, 2009 ME 134, ¶ 3, 985 A.2d 501 (citations omitted). And courts defer to the agency's findings "if they are supported by substantial evidence in the record, even if the record contains inconsistent evidence or evidence contrary to the result reached by the agency." *Id.* (quoting *Friends of Lincoln Lakes*, 2010 ME 18, ¶ 13, 989 A.2d 1128).

25. After reviewing the Record, and pursuant to the deferential standard of review outlined above, the Court finds sufficient evidence in the record to support the Department's findings that there was no unreasonable interference with riparian ingress and egress, navigation, fishing or other uses of the area, or the ability of the lease site and surrounding areas to support existing ecologically significant flora and fauna. (Resp.'s Br. at 33-46.) The undersigned finds that the Department's decision is supported by substantial evidence.

26. The Petitioners have also argued that there was institutional bias because the Department's commissioner demonstrated prejudgment of the case as well as the fact that the hearing officer was also the aquaculture administrator.

27. "Due process requires a fair and unbiased hearing." *Friends of Me.'s Mts. v. Bd. of Envtl. Prot.*, 2013 ME 25, ¶ 23, 61 A.3d 689, 697-98 (citations omitted). To show bias, a petitioner "must present evidence sufficient to

overcome a presumption that the fact-finders, as state administrators, acted in good faith." *Id.* ¶ 23 (citation omitted).

28. "A preconceived position on law, policy or legislative facts is not a ground for disqualification." *New England Tel & Tel. Co. v. Pub. Utilities Com.*, 448 A.2d 272, 280 (Me. 1982). "The federal cases that have found an agency officer disqualified have done so only after a showing of prejudgment on the specific facts subsequently presented to the agency." *Id.* (citing *Cinderella Career & Finishing Schools, Inc. v. FTC*, 138 U.S. App. D.C. 152, 425 F.2d 583 (D.C. Cir. 1970); *American Cyanamid Co. v. FTC*, 363 F.2d 757 (6th Cir. 1966)).

29. Here, the Record shows that the Commissioner Keliher said, "[w]e cannot allow, I'm trying to be politically correct but I'm not sure if I can be, we cannot allow people from away who have big dollar summer houses here to dictate whether there is going to be a [sic] oyster farm in their viewshed." (R. Vol. III, 145:6-12; Resp.'s Br. at 25.) The Department noted that the Commissioner's statement is in the record, but is made by third hand by Jack Pirozzolo asking a witness a leading question that included the Commissioner's statement. (Resp.'s Br. at 24 n. 22.) Moreover, the statement was incomplete, (Resp.'s Br. at 25.), although the Respondent **could** have moved to supplement the Record in a timely fashion but did not do so.

30. In any event, the Court declines to find based upon one statement made by the Commissioner that the Commissioner had prejudged the case. Nor does the undersigned find that because the hearing officer also was the Department's Aquaculture Program Administrator bias or risk of bias was present so as to vacate the decision below. "A combination of investigative and adjudicatory functions in administrative proceedings generally does not violate due process absent some further showing of bias or the risk of bias." *Zegel v. Bd. of Soc. Worker Licensure*, 2004 ME 31, ¶ 16 n.3, 843 A.2d 18, 22 (citing *Withrow v. Larkin*, 421 U.S. 35, 52-55, 43 L. Ed. 2d 712, 95 S. Ct. 1456 (1975); *see also Fed. Trade Comm'n v. Cement Inst.*, 333 U.S. 683, 702-03, 92 L. Ed. 1010, 68 S. Ct. 793, 44 F.T.C. 1460 (1948).

31. Petitioners identified a number of procedural irregularities with regard to Mr. Porada's lease application. They include (i) *ex parte* communications between Mr. Porada and the Hearing Officer, at least one of which was cited in the Department's decision in support of its finding that the lease site was appropriately marked, as well as the failure of the Department to sanction Mr. Porada for the repeated communications; (ii) the failure of the Department to strictly comply with its own notice requirements; (iii) the failure of Mr. Porada to strictly comply with the Department's site marking requirements; and (iv) the last-minute rule change allowing 4-acre experimental leases.

32. Taken as a whole, these irregularities are troubling to the undersigned; however, at least with respect to the first three listed above the undersigned is unconvinced that they should result in a finding of a due process violation and/or a clear showing of bias by the undersigned. The notice of

hearing was off only by one day, and the Department did reopen the hearing a month after the first and second hearing dates in order to accommodate seasonal residents. The Law Court has found notice that it described as "broad and cursory" as well as in contravention of statutory requirements nevertheless insufficient to vacate the decision of a municipality below where the appellants below received notice and attended and fully participated in the hearing below. *Anter's Inn and Restaurant, LLC v. Department of Public Safety*, 2012 ME 143. There also has been no allegation by Petitioners that there was ever a question of where the lease was located, even if the markers were not present throughout the pendency of the lease application as required.

33. However, the Court is not convinced that the Department had the authority to grant a 4-acre experimental lease. It seems illogical for the Department to argue that the rule should have allowed a 4-acre lease and therefore it did. The rule restricting experimental leases to 2 acres did not contradict the statute because the statute only proscribed experimental leases "in excess of 4 acres"; it did not require that leases be 4 acres exactly. The Court finds the rule in effect at the time of the hearings validly and unambiguously restricted experimental leases to 2 acres, and thus **vacates the decision below in part and remands** this matter for a revision of the lease to 2 acres. In all other respects, the decision below is **affirmed.**

The Clerk is directed to incorporate this Decision and Order by reference into the docket for this case, pursuant to Rule 79(a), Maine Rules of Civil Procedure.

Date: 9/27/2016

BY _Robert E. Mullen_

Robert E. Mullen, Deputy Chief Justice
Maine Superior Court