STATE OF MAINE                                          SUPERIOR COURT
KENNEBEC, ss.                                           CIVIL ACTION
                                                        DOCKET NO. AP-23-6

STEVEN SWAN,                          )
                                      )
            Petitioner,               )
                                      )
    v.                                )        **DECISION AND ORDER**
                                      )        **(M.R. CIV. P. 80C)**
JUDITH CAMUSO, Commissioner,          )
Department of Inland Fisheries and    )
Wildlife,                             )
                                      )
            Respondent.               )

Pursuant to Maine Rule of Civil Procedure 80C, Petitioner Steven Swan

appeals a final decision of the Commissioner of the Department of Inland Fisheries

and Wildlife (the "Department") to deny his application for a permit to carry a non-

concealed firearm by a prohibited person, also known as a "black powder permit,"

pursuant to 15 M.R.S. § 393 (2023). *See Bouchard v. Dep't of Pub. Safety*, 2015 ME

50, ¶ 1, 115 A.3d 92. For the following reasons, the Department's decision is

affirmed.

## BACKGROUND

Petitioner has been convicted of multiple felony offenses. In 1983, he entered

a guilty plea in federal court in New Hampshire to one count of possession with

intent to distribute cocaine, 21 U.S.C. § 841(a)(1), and was sentenced to two years in

prison with 1 ½ years suspended. (R. 41.) In 2004, following a trial, he was

convicted in New Hampshire federal court of obstructing and impeding the

administration of the tax laws, 26 U.S.C. § 7212(a); two counts of filing a false tax

1

return, 26 U.S.C. § 7206(1); and 15 counts of aiding and assisting in the preparation of a false tax return, 26 U.S.C. § 7206(2). (R. 29-30.) He was sentenced to serve 72 months in federal prison (R. 32) and completed his term of federal supervised release in 2010. (R. 7.)

By virtue of these convictions, Petitioner is prohibited from owning, possessing, or being in control of a firearm. 15 M.R.S. § 393(1)(A-1)(2); 18 U.S.C. § 922(g)(1). However, a prohibited person may apply to the Department for a permit to carry a non-concealed firearm five years after final discharge from his or her sentence. 15 M.R.S. § 393(2).[1] In October 2022, Petitioner submitted to the Department an application for a black powder permit. (R. 5-6.) As required, the Maine Warden Service (on behalf of the Department) sent notice of Petitioner's application to the officials enumerated in 15 M.R.S. § 393(4).[2] (R. 60-71.) These notices set forth Petitioner's criminal history, although erroneously listed the arrest date for his federal tax case as 2008 rather than 2003. *Compare* (R. 60), *with* (R. 29.) The notices also asked the recipients to check their records "for any additional information relevant to the issuance of this permit" and to advise the Warden

---

[1] The Governor has apparently delegated the task of reviewing and issuing permit requests under 15 M.R.S. § 393(2) to the Department.

[2] That provision requires notice to be sent to "the sentencing or presiding judge, the Attorney General, the district attorney for the county where the applicant resides, the district attorney for the county where the conviction occurred, the law enforcement agency that investigated the crime, the chief of police and sheriff in the municipality and county where the crime occurred and the chief or police and sheriff in the municipality where the applicant resides as of the filing of the application." 15 M.R.S. § 393(4).

2

Service in writing if the recipient objected to issuance of the permit. *See, e.g.,* (R. 61.)

The Department received an objection from the Attorney General's Office, which stated, in relevant part:

> I have reviewed your notice, which lists multiple disqualifying federal convictions, including possession with intent to distribute cocaine (1983), and several federal tax crimes (2010) . . . .

> In light of the multiple qualifying convictions, with the second set of convictions coming years after prior engagement with the criminal justice system and involving misrepresentation to the federal government, this Office objects to the permit.

(R. 75.)

Major Chris Cloutier with the Warden Service thereafter sent a memorandum to the Commissioner recommending that she deny Petitioner's application for a permit. (R. 76.) The memorandum repeated the incorrect arrest date of 2008 for the tax offense and attached an Executive Summary incorrectly listing 2010, rather than 2004, as the date of Petitioner's most recent conviction. (R. 76, 78.) The memorandum cited the correct discharge date for the tax offense—October 2010—and otherwise accurately recounted Petitioner's criminal history. (R. 76.) Cloutier recommended denial of the permit on the basis that the Attorney General's Office had objected (R. 77.) By statute, upon receiving such a written objection, the Department "may not issue a permit." 15 M.R.S. § 393(4)(A).

The Commissioner subsequently denied Petitioner's application for two stated reasons:

3

1. The [D]epartment received an objection from the Office of the Attorney General;

2. Based on the very serious nature of the disqualifying crimes of which you were convicted, and your criminal history record in general, I do not think the issuance of a permit is appropriate.

(R. 1.)

## PROCEDURAL HISTORY

On February 1, 2023, Petitioner filed a petition for review of the Department's decision pursuant to M.R. Civ. P. 80C. *See* 15 M.R.S. § 393(5); 5 M.R.S. § 11001; M.R. Civ. P. 80C. The court thereafter denied Petitioner's "Motion for New Determination by Commissioner after Record Correction" on the basis that the issues cited therein were properly addressed after briefing on the merits. The court subsequently received briefs from the parties and held a hearing.

## LEGAL STANDARD

Judicial review of administrative agency decisions is "deferential and limited." *Friends of Lincoln Lakes v. Bd. of Env't Prot.*, 2010 ME 18, ¶ 12, 989 A.2d 1128. The court is not permitted to overturn an agency's decision "unless it: violates the Constitution or statutes; exceeds the agency's authority; is procedurally unlawful; is arbitrary or capricious; constitutes an abuse of discretion; is affected by bias or error of law; or is unsupported by the evidence in the record." *Kroger v. Dep't of Env't Prot.*, 2005 ME 50, ¶ 7, 870 A.2d 566; 5 M.R.S. § 11007(4)(C). In conducting its review of an agency decision, the court "do[es] not substitute [its] judgment for that of the agency and will affirm findings of fact if they are supported by substantial evidence in the record." *Anglez Behavioral Health Servs. v. Dep't of*

4

*Health & Human Servs.*, 2020 ME 26, ¶ 12, 226 A.3d 762 (quotation marks omitted). The party seeking to vacate an agency decision bears the burden of persuasion on appeal. *Anderson v. Me. Pub. Emp. Ret. Sys.*, 2009 ME 134, ¶ 3, 985 A.2d 501.

## DISCUSSION

Petitioner raises seven separate grounds for relief that can be characterized as falling into three categories of argument: (1) the Department's denial was based on erroneous factual information; (2) the Department abused its discretion in denying the permit; and (3) the statutory scheme is unconstitutional.

### I.

Petitioner contends that the Department's decision should be vacated because it may have been based in part on erroneous information, namely, that Petitioner was last arrested in 2008 rather than in 2003 and sustained his most recent felony conviction in 2010 instead of 2004. While it is the case that the record presented to the Commissioner did contain certain inaccurate dates, this is an insufficient basis on which to vacate the Department's decision.

First, as the Department notes, by statute the Commissioner has no authority to issue a permit upon receiving an objection from one of the officials designated in 15 M.R.S. § 393(4); *see Bouchard*, 2015 ME 50, ¶ 12, 115 A.3d 92 (explaining that "the Legislature has given to certain named persons the absolute right to object to issuance of the permit" (quotation marks omitted)). Because the Attorney General's Office timely objected in writing to Petitioner's application, the

5

Commissioner could not issue the permit. *See Gonzales v. Comm'r, Dep't of Pub. Safety*, 665 A.2d 681, 683 (Me. 1995) (noting that the Commissioner "could not" issue a black powder permit upon receiving an objection from the district attorney in the county where petitioner resided).

The Law Court has left open the question of whether "an effective appeal might be available if" the Commissioner committed an "ultra vires act, such as considering an objection from a source other than those listed in section 393(4), or an act of illegal discrimination, such as an objection based on race or gender." *Bouchard*, 2015 ME 50, ¶ 10 n.5, 115 A.3d 92. The court need not explore this issue, because here the Commissioner complied with the terms of section 393. *Id.* Reliance on an objection letter that incorporated minor factual inaccuracies does not rise to the level of an ultra vires act. Instead, the Attorney General's objection provided "relevant" information to the Department, in the form of concerns about allowing firearm possession by a person who committed multiple felonies, years apart, including by making false statements to the federal government. *Id.* ¶ 13. The Commissioner thus properly relied on the Attorney General's objection to deny the permit application. *Id.* (affirming agency decision to deny a black powder permit upon receiving an objection that was "relevant" to the issuance of the permit).

Second, Petitioner has not demonstrated that the incorrect information regarding his date of arrest and conviction were material to the Department's decision. *See Minot Sch. Comm. v. Minot Educ. Ass'n*, 1998 ME 211, ¶ 12, 717 A.2d 372. The Commissioner's rationale for the denial was two-fold: (1) the Attorney

6

General had objected and (2) Petitioner had a record of serious criminal offenses. As noted, the Commissioner had no authority to disregard the first basis for denial, and even if she had, there is nothing in the record to suggest that the precise date of Petitioner's arrest and conviction impacted the Commissioner's finding that he had a serious criminal history, which formed an independent basis on which to deny the application. *See* 15 M.R.S. § 393(4) ("The [Department] may deny any application for a permit even if no objection is filed."). Thus, Petitioner has failed to meet his burden to demonstrate that no competent record evidence supports the Department's decision. *See AngleZ*, 2020 ME 26, ¶ 12, 226 A.3d 762.

## II.

Petitioner also argues that the Department abused its discretion and acted in an arbitrary and capricious manner because it did not give due consideration to certain aspects of his criminal history, namely, that his most recent sentence was discharged more than a decade before his application, his first conviction occurred over 40 years ago, and his offenses were nonviolent. Pet'r's Br. 5, 10-11.[3] As discussed, a relevant objection lodged by a properly notified person divests the Commissioner of discretion to grant the application. 15 M.R.S. § 393(4); *Bouchard*, 2015 ME 50, ¶ 13, 115 A.3d 92 (holding that where "a properly notified person

---

[3] Petitioner attached to his brief an affidavit containing information about his criminal history. Because this evidence was not part of the administrative record, the court cannot consider it now. *See* M.R. Civ. P. 80C(e) (providing that the "failure of a party to file" a motion to introduce additional evidence within ten days of the filing of the record "shall constitute a waiver of any right to the taking of additional evidence").

7

provide a relevant objection that was consistent with the underlying purpose of the statute, [] the permit was properly denied"). In the circumstances presented here, the denial was neither an abuse of discretion nor arbitrary and capricious.[4] *See Gilbert v. State*, 549 A.2d 737, 739 (Me. 1988) (concluding that no abuse of discretion occurred where statute limited the decision-making body's authority to grant the relief requested such that "no discretion existed").

### III.

Finally, Petitioner raises two constitutional challenges to the permitting statute: (1) the statute is "deficient or unconstitutional" because it does not allow an applicant to provide supplemental information (Pet'r's Br. 6) and (2) the statute violates Article I, Section 16 of the Maine Constitution because it infringes on the right of people who have been convicted of nonviolent crimes to possess firearms (Pet'r's Br. 10-11). Both claims fail.

Petitioner's first argument is based on a misreading of the permitting statute. While section 393(3) delineates certain information that must be included in a permit application, the statute in no way prohibits an applicant from providing supplemental information. *See* 15 M.R.S. § 393(3).[5]

---

[4] To support his claim that the Department's denial was arbitrary and capricious, Petitioner seeks information from the Department regarding the number of black powder permits issued in the past decade. Pet'r's Br. 11-12. In the absence of an evidentiary hearing or independent claim, the court may order discovery in a Rule 80C proceeding only upon a showing of "good cause." M.R. Civ. P. 80C(j). Petitioner has not demonstrated good cause for his request.

[5] This argument fails for the additional reason that Petitioner has not articulated what constitutional right he believes is implicated by his alleged

Regarding Petitioner's second constitutional claim, the Law Court has made clear that when it comes to seeking a black powder permit, those convicted of felonies have "no constitutional right or interest at stake." *Bouchard*, 2015 ME 50, ¶ 11, 115 A.3d 92. This is because the right to "keep and bear arms" in the Maine Constitution "does not extend to convicted felons." *Id.*; *State v. Brown*, 571 A.2d 816, 820-21 (Me. 1990) (holding that section 393's prohibition on the possession of a firearm by persons convicted of nonviolent felonies is not in excess of the State's police power). Petitioner does not grapple with the Law Court's holding in *Bouchard* or otherwise explain why it does not apply to him. Given the prevailing law, Petitioner has not established a constitutional violation warranting reversal of the Department's decision.

The entry is:

The Department's decision is affirmed.

The clerk is directed to incorporate this order on the docket by reference pursuant to M.R. Civ. P. 79(a).

DATED: February 6, 2024

Julia M. Lipez
Justice, Superior Court

---

inability to provide supplemental information to the Department. *See Bayview Loan Servicing, LLC v. Bartlett*, 2014 ME 37, ¶ 15 n.5, 87 A.3d 741 (concluding that Petitioner waived argument "by failing to adequately develop [the] argument in [the] briefing").

9